ELIZABETH LUDLOW, Appellant, v. THE HUDSON RIVER RAILROAD COMPANY, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

A conveyance of land to a railroad company, "for the uses and purposes of said railroad, and for no other or different purpose," described two parcels; the description of the second commencing "together with a piece *for materials* of five hundred and thirty feet in length, &c." A map was annexed to the deed and referred to in the description, on which such second parcel was laid down and designated "*for materials*."

*Held*, that these words did not exempt the company from liability to the grantor for damages caused by his negligently digging away a part of such secondly described lot, so as to cause his adjoining land to fall in, and seriously to impair its value.

The cause of action for damage did not accrue until the caving away of the land took place, from which the injuries resulted.

APPEAL from judgment entered upon dismissal of complaint at Columbia County Circuit in October, 1870.

The action was brought in March, 1866, to recover damages occasioned to the land of the plaintiff, by reason of its sliding down and caving in, on account of the excavation and removal of earth by the defendant.

For a long time prior to the construction of the defendant's railroad the plaintiff was the owner of a farm of

about 190 acres, situated on the east bank of the Hudson river, in the town of Germantown; and ever since then had owned and occupied it. The portion of the farm lying on the bank of the river extended down a slope to the river, and depended upon the bank and earth on the side and slope of the bank for its natural support.

On the 14th of February, 1851, the plaintiff and her husband, in consideration of $250, conveyed by deed to the defendant a portion, about two acres, of the farm.

The deed covers two parcels, and the description of the second parcel begins as follows: "Together with a piece *for materials* of 530 feet in length, &c."

A map, annexed to the deed, is referred to in the description; and upon this map the second parcel is laid down and designated "*for materials.*"

In the *habendum* clause the use to which the grantees may put the premises conveyed is expressed and limited thus: "*For the uses and purposes of said railroad, and for no other or different purpose.*"

In 1851 the defendant entered upon the land excavated, and removed earth from the second piece of land described in the deed, and used the same in building the embankment of its road. The excavation made was to the depth of twenty-five or thirty feet. It was left in that condition until the spring of 1864, when a slide occurred where the excavation had been made, and about three acres and a half of plaintiff's land slid down. There was evidence to show that the value of the land remaining was thereby seriously impaired, and that the effect of excavations of this character in such material was to render it liable to slide. It was also proved that there was a way to protect the land against slides in such cases.

At the close of the plaintiff's testimony the defendants' counsel moved to dismiss the complaint upon the ground: 1st. That the plaintiff and her husband, by a full warranty deed, dated February 14th, 1851, sold and conveyed to the defendants the said lot or parcel of land on which the exca-

vation was made *for material;* and that said grant autho-
rized the defendants to take the material contained within
the lines granted, without in any manner binding the defend-
ants to protect the embankment against a slide.   2d.  That it
is not in evidence that there was any negligence on the part
of the defendants, or that the work was not done in a skill-
ful and careful manner.   3d.  That the action is barred by the
statute of limitations, so far as any injury by defendant has
application, as it occurred more than six years before the
commencement of this action, the right of action only exist-
ing at the time that the digging was done.

The plaintiff's counsel also claimed the right to go to the
jury upon all the questions of fact in the case, and especially
upon the question of negligence as one.

The court denied the right claimed by plaintiff's counsel,
and refused to submit the question of fact to the jury.   To
which denial and refusal the plaintiff's counsel then and
there duly excepted.

The court granted defendants' motion to dismiss the plain-
tiff's complaint.   To which decision the plaintiff's counsel
then and there duly excepted.

A judgment was entered in favor of the defendant, and
the plaintiff appealed.

*J. C. Newkirk,* for appellant and plaintiff.

*Frederick Loomis,* for respondent and defendant.

Present—MILLER, P. J.; POTTER and BALCOM, JJ.

By the Court—MILLER, P. J.   The deed from the plaintiff
and her husband to the defendant, conveyed the land therein
described, including a " piece for materials " in fee, and the
premises thus conveyed were to be used for the purposes of
the railroad, as provided in the habendum clause, with no
special provision as to the removal of the soil.

As a general rule, each of the owners of adjoining lands

Ludlow v. The Hudson River Railroad Co.

is entitled to the natural support to his land of the adjoining land, and neither has the right to withdraw this natural support of the soil. If one of the owners excavates and removes the soil, and thereby removes the natural support of his neighbor's land, so that it cannot stand by its coherence, and it subsides and falls, thus disturbing his neighbor in the enjoyment and possession of his property, the law will hold the wrong-doer answerable for such consequences, provided his neighbor has done nothing with his own land contributing to produce the injury, and in hostility to the legitimate and proper exercise of the other's paramount right to improve his own premises. (*Farrand* v. *Marshall*, 19 Barb., 380; 21 id., 409; see also, *Robinson* v. *N. Y. & Erie R. R. Co.*, 27 Barb., 512, 522, 523; *Lasala* v. *Holbrook*, 4 Paige, 169.)

In such cases the defendant is liable for damages, independently of the question of negligence or unskillfulness. (27 Barb., 523, *supra*.) Having in view the principle laid down, the defendant is liable unless the deed under which it claims exonerates the defendant from responsibility. The parcel of land upon which the excavation was made was conveyed by a separate description and "for materials." It was evidently intended that the defendant should use the soil upon it for the purposes of the railroad in the limit of its boundaries, but it is not a reasonable construction of its import to claim that it was designed to be used to an extent that would destroy and injure the land of the adjoining owner. If this is a fair intendment, then it would confer a right to excavate and remove the soil within its limits upon a perpendicular line, so as to cause the caving in of the plaintiff's land, to a far greater extent than actually did occur, and perhaps an incalculable amount of injury. Neither party could have intended any such result, and the deed itself does not authorize any act which would necessarily produce it. Even if it be conceded that it was executed for a specific purpose, it clearly was not contemplated that the plaintiff was to be injured by any excavation which the defendant might have occasion to make without restriction or limitation. The words "for

materials" were merely a matter of description, as distinctive from the parcel of land just described, which was for the road bed or track, and conferred no right which relieved the defendant from the obligations incurred as the owner of the fee. Had the parties designed that the deed should convey any more than the fee of the premises and confer any unusual or extraordinary rights, it should have contained a covenant to that effect; and in the absence of any such express provision, the conveyance must be considered as granting merely an estate in fee of the premises, with the restriction provided for and subject to the same rules of construction as any other conveyance of a similar character.

Upon no ground, I think, can it be fairly claimed that either party had in contemplation any such contingency as the destruction or sliding away of the plaintiff's land. This was not one of the consequences necessarily and naturally resulting from the proper use of the land for the purposes indicated, and the circumstances and facts existing do not present a case in any way analogous to *Rood* v. *N. Y. & E. R. R. Co.* (18 Barb., 80), which is cited by the defendant's counsel, where it was held that when the owner of land conveyed a strip to a railroad company for its track, and received a large consideration, that it might fairly be presumed that, in making such conveyance, the grantor must have contemplated the risk of injury to the remaining lands by fire from engines running on the road. In the case cited, the risk was such as might well be expected, while in the case at bar it would be unusual, extraordinary and improbable, with no presumption arising from a large price. Nor has this case any similarity to one where the owner of real estate has effected an advantage to one portion of the land to the burdening of the other, and thus altered the natural qualities so as essentially to change the value of the different parts. (*Lampman* v. *Milks*, 21 N. Y., 505.) The maxim "*Sic utere tuo et alienum non lædas*" is as old as the common law itself, and the defendant had no right to remove the natural support of the soil so as to injure the land of the plaintiff, by virtue

of the conveyance of the plaintiff, and was clearly liable for the damages which followed as a consequence of the act.

Even if there may be any question as to the liability of the defendant originally, it was clearly liable for performing the work in an unskillful manner, and there was, I think, sufficient evidence of negligence to submit that question to the consideration of the jury. There was testimony to establish that the soil was cut down straight to the depth of twenty-five or thirty feet. It was not leveled down, but left by itself in that condition, without any protection whatever to prevent the earth from sliding down. No efforts were made to protect it, as might have been done successfully, and as should have been done in the exercise of proper skill and care, and it was a fair question of fact for the jury whether the defendant was guilty of negligence, even if the plaintiff was not entitled to recover independent of this question, upon the ground already discussed.

I think that the action was not barred by the statute of limitations. The injury complained of did not accrue until April, 1864, and the action was commenced in March, 1866. The damages did not exist, and had not been incurred when the work was done, or within six years thereafter. If an action had been brought before they had actually been sustained, the amount of recovery would have depended upon mere probabilities and the wildest conjecture. The consequential injury had not happened until the land of the plaintiff slided away, and hence no action could be maintained for the damages arising in consequence thereof. The case before us is distinguishable from *Argall* v. *Bryant* (1 Sandf., 98). There the breach of the undertaking occurred when the act was done; while here the act which caused the injury, ultimately, was, when it was done, no trespass or any innovation upon the plaintiff's rights, and there was no cause of action until the injury happened. (See p. 104 of same case, and also 1 Camp., 539; 16 East, 215.) As the court erred in dismissing the complaint and in refusing to submit the case to the

jury, the judgment must be reversed, and a new trial granted, with costs to abide the event.

BALCOM, J., concurred.

POTTER, J. I concur in the result of this opinion. I think the words in the deed " for materials " had no other effect, or, rather, had no other *intent*, than to limit the use of the premises, so as to prevent its use for building, or for track or other purpose than obtaining materials; but amounted to no *release* from damages by a careless or negligent use, if the grantor was or should be thereby injured.

New trial granted.