310 FROMM v. IDE.

VALENTINE FROMM, Respondent, v. DANIEL IDE, Appellant.

*Damages for negligence in the performance of a contract — defective ditch on a highway — work done by a highway commissioner under a contract with a landowner — damages.*

Liability for damages resulting from negligence is not avoided by the fact that the negligent act was done in the course of carrying out a contract.

In an action for damages for so negligently constructing a ditch as to bring water upon the plaintiff's land, it appeared that the defendant, who was a commissioner of highways, had done the work complained of under a contract which he had made with the plaintiff to construct a ditch which should conduct water away from the plaintiff's land; that the defect in the ditch could have been remedied at slight expense, but that it existed in the highway on the land of a third party, under the defendant's control, but where the plaintiff had no right to enter to make repairs.

*Held,* that the plaintiff was entitled to maintain an action of tort for the damages resulting from the defendant's negligence, and was not confined to an action for breach of the contract;

That as the defect was on the land of another, and was one which it was the defendant's duty to correct, the plaintiff's damages were not to be limited to what it would have cost to remedy the defect;

That defendant was not chargeable, however, with any injury resulting from water that would have been upon the plaintiff's premises if the work had not been done.

APPEAL by the defendant, Daniel Ide, from a judgment of the Monroe County Court in favor of the plaintiff, entered in the office of the clerk of that county on the 16th day of February, 1892, upon the verdict of a jury, and from an order entered on the 20th day of May, 1892, denying the defendant's motion for a new trial made upon the minutes of the court.

*John D. Lynn,* for the appellant.

*Ivan Powers,* for the respondent.

LEWIS, J.:

The cause of action as alleged in plaintiff's complaint is ror damages sustained to his premises situated in the town of Irondequoit, by the negligence of the defendant in so constructing a ditch in the highway as to cause the surface water to flow upon the plaintiff's premises and thereby rendering them unfit for occupation.

Plaintiff was the owner of five acres of land in the said town, with a dwelling house thereon, in which he resided with his family. The land was low, portions of it had theretofore been during the rainy seasons covered by water. Ditches had been constructed in the highway for the purpose of draining the lands. The defendant was the highway commissioner; he entered into an agreement with the plaintiff and two of plaintiff's neighbors, whose lands were similarly situated, to lower and extend the ditches in the highways so as to relieve their lands of the water, the plaintiff and his neighbors agreeing to pay the defendant for the work the sum of seventy-five dollars The agreement required him to so construct the ditches that they would drain the plaintiff's land along the highway in an easterly direction

The defendant so carelessly and negligently did the work that the ditches, instead of draining the water off from the plaintiff's land, gathered the surface water and emptied it upon his land. The easterly end of the ditch, instead of being as it was agreed it should be, lower than its westerly end, was left higher. The result was that the plaintiff's and the adjoining lands were, in the rainy season, submerged with water, the water remaining thereon and becoming stagnant and foul, rendering the plaintiff's premises unhealthful and unfit for occupation or cultivation. There was evidence tending to show that immediately after the defendant had completed the work, he was informed of the defect in the sewer and was requested to remedy it, but he neglected and refused so to do, and the situation thus remained for three years, when the plaintiff himself completed the ditch by deepening its easterly end, and thereafter his lands were properly drained. The expense of completing the ditch was trifling, amounting to about ten dollars. Plaintiff recovered a verdict for $175 damages

It is the contention of the appellant that the plaintiff was only entitled to recover in an action for breach of contract. While he could have brought his action in that form, he was at liberty to bring his action in tort to recover his damages sustained by defendant's negligence.

The defendant left the ditch in such a condition that it collected the surface water and emptied it upon the plaintiff's land.

Had the work been done by the defendant voluntarily and not

under a contract with the plaintiff, his liability for damages sustained by the plaintiff would be conceded. Causing the water to be emptied upon the plaintiff's land was not necessarily connected with the performance of the contract. One who, while performing a contract to transport goods or passengers for hire, negligently destroys the property or injures the person of the passenger, is guilty of a tort, and liable in an action for negligence, notwithstanding the negligent act was performed while carrying out a contract. Had the defendant contracted to put a roof upon the plaintiff's house and had performed the work in such a negligent and careless manner as to cause the plaintiff's property in the house to be injured by rain, he would be liable in an action for tort.

Plaintiff's right of action did not depend on the existence of a contract between himself and the defendant, but upon the fact that the defendant wrongfully and negligently did an act which injured the plaintiff's property.

Defendant owed a duty to the plaintiff not to injure his property by any wrongful or negligent act of his while performing the contract. That duty did not necessarily depend upon or grow out of the contract. (*Bickford* v. *Richards*, 154 Mass. 163 ; *Stock* v. *City of Boston*, 149 id. 410.)

Counsel for the appellant claims that it was the duty of the plaintiff to remedy the defect in the sewer, and that his damages should be limited to the cost of doing the work, and that he was not justified in allowing the defect in the sewer to continue for three years. The evidence tends to show that the defect could have been remedied easily and at very slight expense, but the defect in the ditch was in the highway at a point several hundred feet easterly of the plaintiff's premises upon the land of another person.

The plaintiff had no right or authority to enter upon the land of another for the purpose of deepening the ditch. The defendant, as we have seen, was the highway commissioner, and as such had control and supervision of the highways of the town. He was notified by the plaintiff of the defect in the ditch and it was his duty to correct his own error. He refused so to do. Had the defect in the ditch been upon the premises of the plaintiff, the rule contended for by the defendant would obtain, but has no application in such a case as this.

We have examined the exceptions of the defendant, and the only one meriting attention is his exception to the refusal of the court to charge the jury that in no event could the defendant be charged with any injury resulting from any water that would have remained on these premises if the ditch had never been built.

It appeared upon the trial that the plaintiff's premises were, prior to the performance of the work upon the ditches by the defendant, during the rainy season, to some extent, covered with water, and unquestionably the defendant was not chargeable with any injury resulting from any water that would have been upon the premises if the work had not been done, but by referring to the charge of the court,.we find that the jury had been correctly instructed upon that point, although not in language as clear and direct as was the request to charge mentioned.

The jury having been substantially charged as requested, it was not error, we think, to refuse the request.

The judgment and order appealed from should be affirmed.

Dwight, P. J., Macomber and Haight, JJ., concurred.

Judgment and order of the County Court of Monroe county appealed from affirmed, with costs.