## Cumberland Grocery Co. v. Baugh's Admr.

(Decided January 21, 1913.)

### Appeal from Pulaski Circuit Court.

Nuisance—Liability of Person Committing Private to Individual Who Sustains Injury.—The owner of premises has no legal right to throw out, even on his own premises, decaying meats and vegetables from which offensive and unhealthful odors arise, to the injury of his neighbors; nor has he the legal right to locate on his property cess-pools from which unhealthful odors arise, and if he does either of these things his conduct may be the basis of an individual action against him for a nuisance.

B. V. SMITH and O. H. WADDLE & SONS, for appellant.

WESLEY & BROWN and WM. M. CATRON, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant is a wholesale grocery company in the town of Burnside, its place of business being located on Main street. The residence of appellee was situated on the opposite side of Main street from the business house of appellant and about 75 feet south of it. In front of the residence of appellee there was a depression or low place in the street, and, as the surface of the ground was lower in front of the residence than at the point where the business house of appellant was situated, the natural flow of water in the street was from appellant's business house towards the residence of Baugh.

In this suit by appellee to recover damages for a nuisance committed by the appellant, the petition averred that, "Defendant by its agents, servants and employes, for five years carelessly and negligently threw from its said building onto and in the vicinity of the said lot of the said Baugh decayed and decaying vegetables and animal matter, meats and vegetables, and other filth; flushed and emptied its water-closets over, onto and in the vicinity of the said lot, thereby causing vile stenches, fumes and unhealthful odors to come over, onto and around the house and premises of Baugh, thereby making his residence an unhealthful and undesirable place in which to live, to his damage in the sum of $900."

The answer, after traversing generally the averments

of the petition, charged that Baugh was guilty of contributory negligence in suffering the decayed and other vegetable matter and filth to remain where it was washed by the rains, and consequently not entitled to damages. On a trial of the case before a jury a verdict was returned in favor of the appellee for $250. On this appeal it is insisted that the jury should have been directed to return a verdict in favor of the appellant, and that the court erred in refusing to give instruction offered by appellant. It is further complained that the verdict is excessive.

The evidence for appellee showed that the servants and employes of appellant were in the habit of throwing quantities of spoiled meats and decaying vegetables and other noxious substances on ground adjoining its building and near the street, which ground was higher than the ground occupied by appellee's residence; and that it had also made cess-pools at its building which were used as receptacles for the excrement from toilet rooms used by its employes, and that the matter so thrown on the street, and the filth in these cess-pools, caused offensive and foul odors and obnoxious stenches to arise to such an extent as to make the residence of Baugh a very undesirable, as well as unhealthful, place in which to live, and especially did this offensive condition exist after rains, when the filth from the cess-pools and the decaying matter would be washed from appellant's place of business and lodged in the low places in the street opposite the residence of Baugh.

On the other hand, the evidence for the appellant conduced to show that it did not throw out of its building, in quantities sufficient to create any odors, spoiled meats and decaying vegetables or other substances, and that its cess-pools were kept in a cleanly and sanitary condition, and that the accumulation of water in the depressions in front of Baugh's residence, into which there was washed during hard rains decaying matter and filth from the business house of appellant, could easily have been remedied by Baugh.

With the evidence in this condition, the court instructed the jury in substance, that if the appellant permitted its cess-pools to overflow, and the filthy contents thereof flowed down in the vicinity of the property of Baugh; or caused to be thrown out of its building decaying vegetables or animal matter, from which stenches, fumes and unhealthful odors issued or arose, that came into the house and premises of Baugh, thereby making the same

an unhealthful or undesirable place of abode, and causing a depreciation in the value of the use of the property, they should find for Baugh such sum as would fairly compensate him for the diminution in the value of the use of the property during the time of the continuance of the nuisance complained of and within five years next before the institution of the action.

The court refused to give instructions offered by counsel for appellant telling the jury in substance that there could be no recovery for Baugh if they believed he could, by the exercise of reasonable care and at small expense, have prevented the accumulation of water in the depressions near his premises, or if he failed to notify the appellant of the nuisance.

As we understand the case, the nuisance complained of was caused (1) by the fact that the appellant threw on its premises, within a few feet of the residence of Baugh, decaying meats and vegetables and other matter that gave out offensive, obnoxious and unhealthful odors and stenches, and that like stenches and odors arose from cess-pools it had built on its own premises for the use of its employes; (2) that when heavy rains fell this decaying matter and filth was washed from the premises of appellant into depressions or low places of the street or public way in front of the residence of Baugh where it caused offensive odors and there was evidence to sustain both of these complaints.

The owner of premises has no legal right to throw out, even on his own premises, decaying meats and vegetables from which offensive and unhealthful odors arise, to the injury of his neighbors, nor has he the legal right to locate on his own premises cess-pools from which unhealthful and offensive odors arise, to the injury of his neighbors and if he does either of these things, his conduct may be the basis of an individual action against him for a nuisance. Livezey v. Schmidt, 96 Ky. 441; Ky. Dist. & Warehouse Co. v. Barrett, 112 S. W. 643.

Nor was Baugh under any duty to undertake to minimize the damage to him caused by the accumulation of this filth and decaying matter in the low places in front of his residence, as these places were on a public street or way over which Baugh had no control or right to interfere with.

We think the instructions given by the court fairly submitted the case to the jury, and, as the damages, under the evidence, were not excessive, the judgment is affirmed.