PEOPLE'S GAS AND ELECTRIC COMPANY OF OSWEGO, NEW YORK, Respondent, Appellant, *v.* THE STATE OF NEW YORK, Appellant, Respondent.

Fourth Department, November 19, 1919.

State — liability of State for damages to owner of hydraulic power caused by construction of Barge canal — claim of title by State to lands upon which claimant intends to erect new structure — failure of claimant to erect structure until question of title determined.

Where a contractor constructing the Barge canal under the direction of the State tore out a conduit passing under the old canal and used by a gas and electric company in connection with its hydraulic power plant, and also destroyed the company's forebay and built a wall upon its lands, the Court of Claims properly made an award for the resulting damage.

Where the State required the contractor to put a new conduit under the new canal for use by the lighting company the damages of the latter for the interrupted use of its water power should not be limited to the reasonable time within which said company could have constructed a new forebay necessitated by the change in the canal, if in fact the State laid claim of title to the land upon which the company intended to construct its forebay under a claim of ownership. The lighting company was not bound to go to the expense of building a new forebay upon lands claimed by the State in order to reduce the damages caused by the State's wrongful act until such time as the question of title was judicially determined by the Court of Claims.

CROSS-APPEALS by the claimant, People's Gas and Electric Company of Oswego, and by the defendant, The State of New York, from an order and determination of the Court of Claims in favor of the claimant, entered in the office of the clerk of said court on the 28th day of December, 1918.

The claimant appeals from so much of the judgment as limits its recovery to a period ending May 25, 1913. The defendant appeals from the whole of said judgment.

This appeal was transferred from the Third Department to the Fourth Department.

*George N. Burt* [*Charles A. Collin* and *Harry C. Mizen* of counsel], for the plaintiff.

*Charles D. Newton,* Attorney-General [*Edward J. Mone* of counsel], for the defendant.

HUBBS, J.:

The claimant's electric light plant was situated on the west side of the Oswego canal, at Oswego, N. Y. It was operated by water power, the water being secured from the hydraulic canal, owned by the Oswego Canal Company, which runs parallel with the Oswego canal and to the east thereof. A sunken conduit extending under the Oswego canal conducted the water from the hydraulic canal on the east to a forebay on the west and between the Oswego canal and the claimant's plant.

The contractor for that section of the Barge canal, while working at that point, with the consent of the State Superintendent of Public Works, tore out the conduit, destroyed claimant's forebay, and built a wall on claimant's land. Claims were filed against the State for the damages resulting from such acts. The Court of Claims has found in favor of the claimant and has awarded it damages. (105 Misc. Rep. 231.)

We are satisfied with the disposition of the claims made by the Court of Claims except in one respect.

The conduit which furnished the claimant with water was torn out and closed on August 22, 1910. Thereafter the claimant's forebay was partially destroyed and a wall was built on claimant's land between its power plant and the Oswego canal. The State required the contractor for that section of the Barge canal to put in a new conduit under the new Barge canal to carry the water from the hydraulic canal for the claimant's power purposes. That new conduit was completed on November 25, 1912. Its opening was on the west bank of the Oswego canal about ninety feet south of the old conduit opening and south of claimant's building and forebay.

The only way claimant could take water from such new conduit was by building a new forebay south of its old one at an expense of $17,000, as found by the Court of Claims.

The Court of Claims has allowed the claimant damages at the rate of $6,000 per year, from August 22, 1910, to May 25, 1913. The court found that the new conduit was completed on November 25, 1912, and also found that six months would be a reasonable time within which the claimant could build its forebay and connect up with the new conduit.

The court applied the avoidable consequence rule, for reducing damages, and limited claimant's recovery as above stated to the period ending May 25, 1913. In this we think the court erred.

The State, when it destroyed the claimant's forebay and trespassed upon its land, did so under a claim of title. It asserted upon the trial and in this court that it owned a strip of land between claimant's property and the west bank of the Oswego canal, and that claimant's forebay was on the State's land. It also contended and now contends that it owns or is entitled to possession of the land upon which claimant would have to build its forebay in order to connect with the new conduit. That was one of the questions litigated before the Court of Claims, which found that the claimant owned the strip of land in question.

The claimant contends that its damages should not have been limited by the Court of Claims to the period from August 22, 1910, to May 25, 1913, for the reason that the State itself wrongfully claimed title to the land upon which claimant would be compelled to build and was not in a position, therefore, to urge that the claimant should have built its forebay at an expense of $17,000 for the purpose of lessening the damages which the State had caused by its wrongful act.

When the State trespassed upon the claimant's land and destroyed its water power it became liable for such damages as were caused as the natural, direct and immediate result of the trespass. (*Allen* v. *McConihe*, 124 N. Y. 342; 17 C. J. 750.)

The loss of the rental value of the property is, of course, the direct and immediate result of the act of the State.

The State has thus far successfully contended, however, that

the damages should be limited to such a period as would constitute a reasonable time within which claimant could construct a new forebay and connect up with the new conduit. There is no doubt but what such contention would have been correct and the finding of the Court of Claims justified if it were not for the fact that the State wrongfully claimed title and the right of possession of the land upon which the new forebay would have to be constructed. We do not believe, however, that the claimant was bound to go to the expense of building a new forebay at a cost of $17,000 upon land claimed to be owned by the State in order to reduce or limit the damages caused by the State's wrongful act until such time as it should be determined in this action that the claimant was the owner of the land in question. An injured party is only bound to make a reasonable effort to avoid the consequences of a wrongful act. He is not bound to commit a fraud or trespass, or to go to great expense, or to take such action as under the circumstances of the case would be imprudent. (17 C. J. 767–770; Sedg. Dam. [9th ed.] § 202; *Fromm* v. *Ide,* 68 Hun, 310; *Cumberland Grocery Co.* v. *Baugh,* 151 Ky. 641; 152 S. W. Rep. 565; 43 L. R. A. [N. S.] 1037.)

The burden of proof upon such question is apparently upon the one seeking to limit the recovery on that ground. (*Costigan* v. *M. & H. R. R. Co.,* 2 Den. 609; *Hamilton* v. *McPherson,* 28 N. Y. 72; *Colrick* v. *Swinburne,* 105 id. 503; *Milage* v. *Woodward,* 186 id. 252.)

We believe claimant was not required to take the chance of being a trespasser by building a new forebay upon land which the State claimed and now claims to own. It was justified in filing its claim and in awaiting the determination of the court as to the ownership of the strip of land in question.

The findings and judgment herein should be modified in accordance with this opinion and damages allowed at the rate of $6,000 per year to August 17, 1916, with interest, and as so modified affirmed, with costs to the claimant.

All concurred.

Findings and judgment modified in accordance with the opinion, and as so modified affirmed, with costs of this appeal to claimant.