Jenia Senauke, Plaintiff, *v.* Bronx Gas and Electric Company, Defendant.

Municipal Court of New York, Borough of Bronx, First District, January 14, 1936.

*Cohen Bros.* [*Maxwell Cohen* of counsel], for the plaintiff.

*H. E. Almberg* [*Austin J. Power* of counsel], for the defendant.

TONEY, J. This is an action for damages for the alleged negligent installation of an Electrolux refrigerator in the premises of plaintiff, so as to constitute a continuing nuisance resulting in the alleged damages. Plaintiff is the owner of a private house situated at 2346 Lodovick avenue, borough of the Bronx, city of New York, where she resided with her husband. The main building in question is known as brick veneer. The inside of the building is constructed of wood and the outside of brick. In the rear is attached an extension, which is about twelve feet high, immediately adjacent to the main building and slopes from the building to a height of ten feet at the rear. The walls of this extension are of brick upon a stone and cement foundation, which extends three feet into the ground and about three feet six inches above the ground. The extension is divided into a pantry and a breakfast room. For refrigeration the plaintiff had on Obector 2, 1928, an ice box, the water from the melting ice of which was carried off by a pipe connected with a receptacle immediately under the ice box and which pipe extended about six inches into the earth in the basement underneath the pantry.

On or about October 2, 1928, the plaintiff and the defendant entered into an agreement whereby the defendant sold to and installed for plaintiff an Electrolux refrigerator in the pantry of the said extension at the point where the ice box refrigerator was at that time located. When the Electrolux refrigerator is in operation water constantly passes through it, and is carried off by means of a pipe, which acted as the drain for the ice box refrigerator formerly used by plaintiff.

About three years prior to the trial of this action plaintiff noticed that the brick walls on the two sides of the extension of the building were cracked from the top of the structure down to the stone foundation. The crack was about three or four inches wide at the top of the said extension and about an inch near the base thereof. In July, 1935, the plaintiff caused excavations to be made around the foundation of this part of the building, for the purpose of remedying the defect referred to. While the work was in progress it was discovered that water was coming from the earth underneath that part of the building. An investigation then disclosed the fact that water was constantly flowing from the drain pipe extending from underneath the said Electrolux refrigerator. In order to stop the flow of water into the earth, one end of a rubber hose was attached to the said drain pipe and the other end

placed in a five-gallon receptacle. During the time that the work of repairing the building was in progress this receptacle was filled by the flowing water about every twenty minutes. The earth underneath the building and around this foundation was wet, soggy and muddy. Up to that time there was no sewerage system connected with the house, except a cesspool, which was in front of the main building, and about sixty or seventy feet from the said extension. The earth around the cesspool was at that time firm and solid. The evidence shows conclusively that the flow of water from the Electrolux refrigerator into the ground immediately beneath the building brought about the softened condition of the earth thereunder and that the condition thus created caused the foundation of the said extension to sink, effecting the break in the walls. The plaintiff demands as damages the cost of making the repairs to the building. The evidence does not disclose that plaintiff knew of the quantity of water required to operate such a machine nor that the water therefrom was being disposed of in the same manner as the water from the ice box refrigerator formerly used by her.

The defendant in its answer denies certain allegations of the complaint and sets up the Statute of Limitations and contends that no negligence was shown against it upon the trial and, further, that plaintiff may not recover in any event since more than six years have elapsed since the installation of the refrigerator and the bringing of the action.

The said installation by defendant was so made that five gallons of water passed every five minutes of the refrigerator's operation into the ground underneath the building. The machine had been in continuous operation from October, 1928, to the time of the trial on November 27, 1935.

The rule is that to maintain an action for negligence the defendant must owe some duty to the plaintiff which has not been fulfilled. (*Scott* v. *Delaware, Lackawanna & Western R. R. Co.*, 222 App. Div. 409; *Fromm* v. *Ide*, 68 Hun, 310.) The defendant owed to the plaintiff the duty so to perform its work in making the installation that injury would not result to plaintiff's property by reason thereof. This duty was not discharged by doing its work in the manner herein referred to and the resulting damages to the plaintiff's property must be attributed to the defendant's negligence. It was known by defendant that a great quantity of water was used in the operation of the machine and if it went into the ground underneath the building, injury to the property should have been apprehended. A reasonably prudent person would have provided against such an event.

The negligent acts complained of were committed more than six years before the bringing of the action. Had plaintiff's cause of action accrued at that time, as claimed by the defendant, it would be barred by subdivision 3 of section 48 of the Civil Practice Act. To constitute a cause of action in negligence, damages to plaintiff must be shown as well as negligence on the part of the defendant. No damages resulted to plaintiff until about three years prior to the trial of this action. The cause of action could not have accrued until that time and six years had not elapsed at the time the action was brought. (*Ludlow* v. *Hudson River R. R. Co.*, 6 Lans. 128; *Rector, Churchwardens, etc.*, v. *City of New York*, 134 Misc. 29; *Bickford* v. *Richards*, 154 Mass. 163; 27 N. E. 1014.) It follows that judgment must be rendered for plaintiff for the amount of damages proved upon the trial.