John W. **ROBINSON**, et al., Appellants,

v.

Robert William **CARNEY**,
et al., Appellees.

No. 91–CV–171.

District of Columbia Court of Appeals.

Argued Jan. 22, 1993.
Decided Oct. 14, 1993.

Steven A. Skalet, for appellants.

Robert W. King, for appellees.

Before FERREN, FARRELL, and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellants, John W. Robinson and his sister, Lydia B. Ford, sued attorney Robert W. Carney, Universal Settlements, Inc. ("Universal"), and First American Title Insurance Company ("First American") for damages allegedly resulting from the failure of Carney and Universal to record a deed and First American's failure to defend appellants' title to real property known as 3122 Nineteenth Street, Northwest, Washington, D.C. The trial court, sitting without a jury, found that Carney and Universal were negligent but that appellants were contributorily negligent because they failed to file an action to quiet title to the real property. The trial court also found that First American breached its contract with appellants but that appellants' breach of contract claim failed "for the same reason."

Appellants appeal from that judgment and from a post-trial order of the trial court denying appellants' motion for leave to file a quiet title action. Appellants' principal contention on appeal is that the trial court erred as a matter of law in finding them contributorily negligent.[1] We agree and, accordingly, reverse that judgment of the trial court and remand the case for an ascertainment and award of damages, if any, to appellants.

**I.**

For the purpose of resolving this appeal, it is not necessary to either set forth or address extensively the copious findings of fact made by the trial court which are unchallenged on appeal. Essentially, on November 11, 1985, Mrs. Cynthia Robinson and two of her four children, the appellants herein, participated in a refinancing settlement at Universal which was conducted by its agent, Carney. As a condition of the loan, a deed was signed by Mrs. Robinson wherein she conveyed her fee-simple interest in a house at 3122 Nineteenth Street, Northwest, Washington, D.C., to herself and appellants as joint tenants with the right of survivorship. In connection with the settlement, Carney prepared a settlement statement which disclosed appellants' payment of fees for lender's title insurance, owner's title insurance, a recording fee for the deed and other related expenses. Mrs. Robinson and appellants left the settlement confident that the deed would be recorded by Carney.

Mrs. Robinson died intestate in December 1986, survived by her four children, including appellants. When appellants attempted to sell the property, they learned that the deed had not been recorded. Carney could not locate the original or copy of the deed. First American informed Robinson that there was no owner's title insurance policy issued and that it would not defend appellants' title. On the advice of counsel, Robinson subsequently commenced probate proceedings and was appointed to serve as personal representative of his mother's estate, which consisted primarily of the subject real property. The realty was sold to pay the debts of the decedent and the net assets of the estate were subsequently distributed equally among the decedent's four children.

At the conclusion of the probate proceedings, appellants filed suit against appellees in the Civil Division of Superior Court. Appellants sought damages for: the cost of probating the decedent's estate; payment of (or at least the cost of defending against) a Medicaid lien against the estate by the District of

---

1. There are numerous legal issues that are implicated by the facts of this case. Those issues, however, were neither raised in the trial court nor addressed by the parties on appeal. Accordingly, we will not address them.

Columbia; the estate's distribution to appellants' siblings of one-half of the proceeds from the sale of the real property; and attorney's fees for prosecuting the civil action.[2] The trial court ruled that Carney, Universal's agent, "acted in a manner which deviated from the standard of care required by a settlement attorney in every respect ... including his negligent failure to record the deed." The trial court also found that First American breached its contract with appellants to defend the title to the real property. Appellants filed a motion for reconsideration of those rulings and for leave to file a complaint to quiet title. The motion was denied by the trial court which ruled that:

> [W]hen Mrs. Robinson died and the title to the property passed to the plaintiffs and the plaintiffs' brother and sister by intestacy, the plaintiffs should have taken steps to protect their interest by filing a quiet title action. The plaintiffs' failure to take that action constitutes contributory negligence and bars their recovery.

This appeal followed.

## II.

We are aware of no authority, and the trial court cited none, that requires a party to protect his or her interest by filing a lawsuit.[3] On the contrary, the general rule is that "injured parties need not ... institute and prosecute [law] suits" in order to mitigate damages. 2 MARILYN MINZER ET AL., DAMAGES IN TORT ACTIONS § 16.22, at 16–34 & –35 (1992); *see* 25 C.J.S. *Damages* § 33, at 702–03 (1966) (same); *see also Levantino v. Insurance Co. of N. Am.,* 102 Misc.2d 77, 422 N.Y.S.2d 995, 1002 (N.Y.Sup.Ct.1979) (same); *Lipshie v. Lazarus,* 235 N.Y.S.2d 764, 769 (N.Y.Sup.Ct.1962) (same); *Stadheim v. Becking,* 290 N.W.2d 273, 274 (S.D.1980) (" 'The law does not require a person to take affirmative legal action to prevent another from suffering the result of his tortious act.' ") (quoting *Chicago, Burlington & Quincy R.R. v. Wheaton,* 76 S.D. 467, 80 N.W.2d 868, 870 (1957)); *see also Horne v. Peckham,* 97 Cal. App.3d 404, 158 Cal.Rptr. 714 (1979) (not unreasonable for plaintiff to abandon further legal effort regarding trust).[4]

Accordingly, we reverse the judgment of the trial court finding appellants contributorily negligent and remand the case for an

---

**2.** At the close of appellants' case-in-chief, the trial court granted appellees' motion for directed verdict on appellants' claims for attorney's fees incurred in prosecuting the civil action, attorney's fees for probating the estate proceeding, and counsel fees incurred in resolving the Medicaid claim. The trial court's ruling on these issues is not challenged on appeal.

**3.** The trial court also erred in its ruling that upon the death of Mrs. Robinson, title to the subject real property vested in the decedent's four children as a result of intestate succession. Rather, upon the death of the decedent intestate in December 1986, title to all property, both real and personal, passed directly to the personal representative of the decedent's estate. *See* D.C.Code § 20–105 (1989).

**4.** Somewhat similar to the doctrine of contributory negligence is the rule of "avoidable consequences," which denies recovery for any damages which could have been avoided by reasonable conduct on the part of the plaintiff. Both doctrines rest upon the same fundamental policy of making recovery depend upon the plaintiff's proper care for the protection of his own interests, and both require of him only the standard of the reasonable person under the circumstances. The statement commonly made as to the distinction between the two is that contributory negligence is negligence of the plaintiff before any damage, or any invasion of his rights, has occurred, which bars all recovery. The rule of avoidable consequences comes into play after a legal wrong has occurred, but while some damages may still be averted, and bars recovery only for such damages.

W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 65, at 458 (5th ed.1984) (footnotes ommitted). Appellees argue on appeal for affirmance of the trial court's judgment on this ground. Arguably, the damages appellants complain of could have been avoided had they filed claims against the decedent's estate. *See* D.C.Code §§ 20–901, –914 (1989). Avoidable consequences is an affirmative defense, however, which was waived by appellees in the trial court because it was neither pled pursuant to Super.Ct.Civ.R. 8(c) nor litigated in the trial court. Accordingly, we will not consider it for the first time on appeal. *See Edward M. Crough, Inc. v. Department of Gen. Servs. of D.C.,* 572 A.2d 457, 466 (D.C.1990); *see also Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc.,* 168 U.S.App.D.C. 149, 161–62 n. 92, 513 F.2d 407, 419–20 n. 92 (1975); *Consolidated Mortgage and Finance Corp. v. Landrieu,* 493 F.Supp. 1284 (D.D.C.1980).

ascertainment and award of damages, if any, to appellants.

*So Ordered.*