IRA H. BICKFORD *vs.* GEORGE A. RICHARDS & another.

Middlesex.   January 23, 1891. — June 26, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Privity of Contract — Negligence — Misfeasance.*

If a contractor, who agrees to move and fit up a building in a workmanlike man-
ner, makes a sub-contract with others to do the work, the latter are liable to the
owner of the building for negligence and misfeasance in performing the same,
although there is no privity of contract between them.

TORT, for negligently moving a building.   Trial in the Supe-
rior Court, before *Thompson,* J., who allowed a bill of exceptions,
in substance as follows.

It appeared in evidence that the plaintiff made a contract in
writing with one Powers to move and fit up certain buildings in
Somerville, by the terms of which Powers was to do the work
in a workmanlike manner; that Powers contracted with the de-
fendants, George A. Richards and Sylvester Richards, to move
the buildings for an agreed sum, namely, one hundred dollars;
and that before the defendants had completed the moving of
the buildings Powers gave up his contract, but the defendants
continued to carry out their contract to move the buildings.

The plaintiff offered to show that the moving of the buildings
by the defendants was done in a careless and negligent manner,
and that the buildings were damaged thereby.   The judge ex-
cluded this evidence, and ruled that, if it was proved that the
moving was done in an unworkmanlike, unskilful, and negligent
manner, it would not entitle the plaintiff to recover against the
defendants in this action, as there was no privity of contract
between the plaintiff and the defendants, and ordered a verdict
for the defendants; and the plaintiff alleged exceptions.

*G. A. Perkins,* for the plaintiff.

*J. H. Cotton,* for G. A. Richards.

*H. W. B. Cotton,* for S. Richards.

MORTON, J.   It is immaterial whether the defendants are to
be regarded as the servants and agents of the plaintiff, or as
contractors under Powers, which the defendants contend was the

case. In either instance, they owed to the plaintiff the duty of not injuring his property by their negligent or wrongful acts. If they were the plaintiff's servants, and their negligent actions caused injury to his building, they would be liable to him for the damage. Bac. Abr. Master & Servant (M). Smith, Master & Servant, (4th ed.) 134, and cases cited. *White* v. *Phillipston*, 10 Met. 108. *Walcott* v. *Swampscott*, 1 Allen, 101. If they were contractors in possession of the building under Powers, or were his servants, it was also their duty not to injure the plaintiff's property by their negligent acts. Whether servants or contractors, they were liable for the damage caused to the plaintiff's property by their tortious acts or misfeasance. *Hewett* v. *Swift*, 3 Allen, 420. *Wright* v. *Wilcox*, 19 Wend. 343.

The plaintiff's right of action does not depend on the existence of a contract between himself and the defendants, as would be the case if he were suing for damages resulting from some nonfeasance on their part, but on the fact that they have wrongfully and negligently done, or caused to be done, something to his property which has injured it. The gist of the action is the breach by the defendants of the duty which they owed to the plaintiff not to injure his property by any wrongful or negligent acts of theirs. That duty did not depend on or grow out of contract. *Bretherton* v. *Wood*, 3 Brod. & Bing. 54. *Smith* v. *Seward*, 3 Penn. St. 342. *Coggs* v. *Bernard*, 2 Ld. Raym. 909. It may be that Powers is liable to the plaintiff for a breach of the contract caused by the acts of the defendants, and that they may also be liable to Powers for a breach of their contract with him; but that does not relieve the defendants from liability to the plaintiff for the damage to his property resulting from their negligent and wrongful acts. *Stock* v. *Boston*, 149 Mass. 410, 414.

Nor does it follow, as contended by the defendants, that, because the plaintiff may not be liable for the acts of the defendants, as their master or otherwise, they are not liable to him. The two liabilities stand on different grounds. The case of *Davidson* v. *Nichols*, 11 Allen, 514, 516, relied on by the defendants, was put by the court on the ground that there was not only no contract between the plaintiff and the defendant, but that the latter owed the former no duty, and is therefore readily distinguishable from this.                    *Exceptions sustained.*