## ARMOR *v.* MOORE.

1. Section 2518 of the Civil Code is applicable to a contest for the guardianship of the person and property of one who has been adjudged incapable of managing his estate and therefore liable to have a guardian appointed for him.
2. Under the provisions of this section, the ward's nearest of kin by blood, if unobjectionable, is, in such a contest, entitled to the appointment; and the preference of those to whom, as remaindermen, the ward's estate may eventually belong is not, in legal contemplation, material.
3. On the trial of such a contest, evidence tending to show the amount, character, and condition of the estate is pertinent and relevant as throwing light upon the question whether or not the nearest of kin is a suitable person to represent the ward and take care of his interests.
4. No question can arise, in such a trial, as to appointing to the guardianship a person not a party to the proceeding, when nothing of the kind is suggested in the pleadings or otherwise.

Argued April 25, — Decided May 26, 1898.

Application for guardianship — appeal.　Before Judge Gober. Greene superior court.　November 29, 1897.

*Samuel H. Sibley*, for plaintiff in error.

*James B. Park Jr.* and *Edward Young*, contra.

LUMPKIN, P. J.　This was, under the pleadings below mentioned, a contest for the guardianship of the person and property of Henry A. Moore, who had been adjudged incapable of managing his estate, the same consisting of property given to him under the will of his father, Green Moore, which provided that in case Henry A. Moore died without children, this property should revert back to the testator's estate and be divided amongst his children and grandchildren.　An application for the guardianship of the person and property of Henry A. Moore was filed by his nephew, Walter F. Armor.　John W. Moore, who was a brother of the former, filed a caveat wherein he prayed that he be appointed guardian of the person and property of Henry A. Moore.　Upon the trial in the superior court,

on appeal from the court of ordinary, a verdict was returned in favor of the caveator. Armor made a motion for a new trial, to the overruling of which he excepted. The judge, among other things, gave in charge to the jury section 2518 of the Civil Code, and added : "The caveator, if nearest of kin by blood, is to be selected, if otherwise unobjectionable." The motion for a new trial alleges that this section was not applicable to the present case, and that the above-quoted instruction was erroneous. Complaint is also made in the motion, that the judge failed to instruct the jury as to the weight to be given to the wishes, preferences, and objections of the persons who, as remaindermen, were interested in the estate in controversy. It is proper to state in this connection, that it appeared that Henry A. Moore had neither wife nor child, and that several persons, who, in the event he should die without leaving wife or child, would be entitled to take as remaindermen, testified that they desired Armor to be appointed guardian. The motion also alleges error in admitting testimony tending to show the amount, character, and condition of the property in question. Another complaint in the motion is, that the judge instructed the jury they must find either for the applicant or the caveator; it being alleged this was error because, under the law, a stranger might have been selected as guardian.

1, 2. We think the decision of this court in the case of *Johnson* v. *Kelly*, 44 *Ga.* 485, is conclusive upon the proposition that section 2518 of the Civil Code is applicable to a case like the present. This section provides, as did section 1799 of the Code of 1868, which was in force at the time the case just cited was decided, that: "In the appointment of guardians, the widowed mother shall have the preference, upon complying with the law. Among collaterals applying for the guardianship, the nearest of kin by blood, if otherwise unobjectionable, shall be preferred — males being preferred to females. The ordinary, however, in every case may exercise his discretion according to the circumstances, and, if necessary, grant the letters to a stranger in blood." The contest in that case was for the guardianship of the person of an idiotic colored man, between a white person and the sister of this man, and the

proof showed that both were unobjectionable.  The court charged
" that other things being equal, relations were to be preferred,"
and it was held that this charge did not correctly present the
law to the jury, for the reason that the sister, being the near-
est of kin and unobjectionable, was absolutely entitled to the
guardianship without reference to other considerations.  Plainly,
then, this decision is a complete reply to the argument made
here in behalf of the plaintiff in error, that the above-quoted
section applies only to contests over the guardianship of minors.
It was further insisted, however, that this section ought not to
have been made controlling in this case,.because the contest
was really as to the guardianship of the property and had lit-
tle or no bearing upon the custody ·of the ward's person.   The
answer to this is, that the application was in terms for the
guardianship of both the person and property of Henry A.
Moore.   We are therefore entirely satisfied that the charges
complained of were pertinent and proper.   Nor did the court
err in failing to charge concerning the preferences of the wit-
nesses who, in the contingency specified, would be entitled to
take, as remaindermen, the property devised and bequeathed
to Henry A. Moore under the will of his father.   If John W.
Moore was a proper person to serve as guardian, he was entitled
to the guardianship irrespective of anybody's wishes, he being
unquestionably the nearest of kin.

3.  There was no error in admitting the testimony referred to
in the third headnote.   In determining whether or not John
W. Moore was "unobjectionable,"— that is, was a suitable per-
son to be appointed the guardian of his brother,— the amount,
·character and condition of the latter's estate were pertinent mat-
ters of inquiry.   A man might be entirely qualified to manage
some estates, and not by any means capable of properly man-
aging an estate of an entirely different character and amount.
The court therefore properly allowed this evidence to go to the
jury, as throwing light upon one of the questions at issue.

4.  We are unable to perceive any error in instructing the
jury that they should find in favor of one or the other of the
contestants.   While the law does provide that the ordinary may
select a stranger in blood, this does not mean that a jury trying

a case of this kind on appeal can arbitrarily find in favor of the appointment of some person as guardian whose name in this connection is not suggested in either the pleadings or the evidence. Moreover, if the jury were warranted in finding against Armor's application, it would seem to be no concern of his whether the appointment went to Moore or to some other person.

Judgment affirmed. All the Justices concurring, except Lewis, J., disqualified.