GORMLEY, superintendent of banks, *v.* WILSON *et al.*

ATKINSON, J. 1. "A bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others." *Blaisdell* v. *Bohr*, 68 *Ga.* 56; *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97); *East Atlanta Land Co.* v. *Mower*, 138 *Ga.* 380 (3), 384 (75 S. E. 418), and cit. "All persons who are directly or consequentially interested in the event of the suit should be made parties." Ib.

2. Under the facts alleged, the contract under which the assets of the bank were transferred to certain trustees who sold them to numerous parties was illegal and void. *Mobley* v. *Marlin*, 166 *Ga.* 820 (144 S. E. 747); *Chancey* v. *Citizens Bank of Eustis*, 168 *Ga.* 171 (147 S. E. 383).

3. One of the questions to be determined in the present case is whether all

the defendants have such an interest in the result of the suit as that they can all be sued in one action. Under the allegations of the petition, all of the defendants are interested in the one matter as to validity of delegation of power by the superintendent of banks to the four persons named as trustees; and the allegations are sufficient to join the defendants in one common action, without the suit being multifarious, or having a misjoinder of parties. The case differs in its facts from *McCowan* v. *Snook*, 175 *Ga.* 430 (165 S. E. 84).

4. This being a suit in equity in order to avoid a multiplicity of suits and to recover the assets of the bank alleged to be illegally transferred to the defendants, the statute of limitations does not apply. The question whether the plaintiff is in laches is not raised by petition and demurrer.

5. The court erred in striking the plaintiff's prayer for discovery, as against a general demurrer.

6. The petition as amended set out a cause of action. The plaintiff had no adequate and complete remedy at law, and the court erred in sustaining the general demurrer. A petition is not subject to general demurrer if any part thereof is good in substance. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333), and cit.

*Judgment reversed. All the Justices concur.*

No. 8962. March 4, 1933.

*C. N. Davie, J. F. Kemp, L. S. Camp,* and *Leon Hood,* for plaintiff.

*Boykin & Boykin, Beall & Beall,* and *Smith & Millican,* for defendants.