SWANN *et al.* v. WRIGHT *et al.*

No. 10174. FEBRUARY 16, 1935.

*Reuben M. Tuck, C. C. King,* and *Luther Roberts,* for plaintiffs in error.

*Roberts & Roberts,* contra.

ATKINSON, Justice. The exception is to a judgment overruling a demurrer to a petition, after amendment to meet the ruling of this court in *Swann* v. *Wright,* 176 *Ga.* 372 (168 S. E. 11), wherein no ruling was made on the grounds of demurrer now involved. The amendment referred to related only to making parties defendant. In all other particulars the petition and demurrer are the same. For convenience the statement of facts reported when the case was formerly before this court will be repeated as follows:

"On May 22, 1931, the State superintendent of banks issued fi. fas. against Mrs. Hugh Wright, Miss Lucy White, Mrs. Frances M. Dearing Hay, and Mrs. B. A. Lunsford, as stockholders of the Bank of Newton County, it being recited in the fi. fas. that notice had been duly given. The defendants in fi. fa., after the levy, filed their affidavits of illegality. Subsequently the parties named and others, as stockholders of the bank, brought an equitable petition against T. C. Swann, N. S. Turner, and others, alleging that the named defendants constituted the officers and directors of the said bank for the years 1927-1930; that in December, 1926, the bank received notice from the State Banking Department that the capital stock of the bank had become impaired, and that it would be necessary to levy an assessment against the stockholders; that thereupon T. C. Swann and N. S. Turner 'made a proposition to the stockholders to turn over their stock with full voting power to them, and to guarantee repayment of any cash advanced by them and to pay 100% assessment on their stock, and that they would furnish the bank from time to time sufficient money to carry on its business on a sound basis; and petitioners carried out their part of the contract;' that during the years specified the stockholders, having confidence in Swann and Turner, took no interest in the management of the bank; that Swann and Turner did not in good faith carry out the terms of the contract, and did not furnish money to the bank as agreed; that in March, 1931, Swann and Turner, 'who were in truth and in fact the Bank of Newton County, delivered the bank's assets to the State Banking Department, and on May 5, 1931, filed an offer to purchase the assets of the bank by paying 60% to the depositors in cash,' which offer was accepted by the State superinten-

dent of banks and was presented to the judge of the superior court, who approved the same, and Swann and Turner took over the entire assets of the bank, including assessments of 100 per cent. against the stockholders, for which executions were issued against the stockholders on May 22, 1931. It is charged that Swann and Turner made certain profits which they were not entitled to make, and had in several respects breached the contract which had been entered into; that 'when the assets are collected and Turner and Swann and the interests they represent have received 60% of their deposits and the sums advanced by them to pay expenses and other claims, there will be a sufficient amount realized to pay themselves and other stockholders 100% of their stock.' It is further alleged that after the offer referred to was made to the State Banking Department, Swann and Turner organized a 'fake corporation,' to which all the assets of the bank were transferred by the superintendent of banks, for the purpose of placing the assets of the bank in the hands of a third person, and to thus prevent an accounting between Swann and Turner and petitioners; that the executions were transferred to this corporation; that the defendants in fi. fa. filed affidavits of illegality to the levy made on their property, and these affidavits are now pending, and the transferee is threatening to levy on the property of the petitioners and other stockholders; that the executions issued illegally, and are null and void for reasons stated. In the affidavits of illegality the validity of the executions is attacked upon the ground, among others, that the superintendent of banks exceeded his authority in levying an assessment of 100 per cent., in view of the amount of the cash assets of the bank taken over by him, and for other reasons set forth in the affidavits. It is charged that the superintendent of banks transferred the executions to the corporation referred to as a 'fake corporation,' Piedmont Investment Corporation of Newton County. There are many other allegations to which it is not necessary to refer. The petition contained the prayer, among others, that a receiver be appointed to liquidate all the assets of the Bank of Newton County, which had been transferred by the State Banking Department to the Piedmont Investment Corporation; that this corporation be required to produce in court the executions issued by the State Banking Department, for the purpose of cancellation; that the 'illegality proceedings' referred to be consolidated with this cause; and that Piedmont Investment

Corporation, as transferee, be enjoined from further proceeding on said assessment executions pending a trial of the issues involved. In other allegations the petitioners insist that the facts alleged set forth a cause of action against Swann and Turner and the other defendants, as for a tort, for fraud, misfeasance, and many acts of wrong-doing. The defendants filed general and special demurrers to the petition, on the ground, among others, of nonjoinder of parties defendant, 'in that the superintendent of banks of Georgia, as statutory receiver, and the Bank of Newton County are essential parties' in such a suit as this, and they are not named as parties. The demurrers were overruled."

After the decision by this court, which reversed the judgment solely upon one ground of demurrer and left open the questions raised by other grounds of demurrer, the judge entered another judgment overruling the grounds of demurrer on which the Supreme Court did not make a decision.

1. "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Civil Code of 1910, § 5419; Code of 1933, § 37-1007; *Conley* v. *Buck,* 100 *Ga.* 187 (28 S. E. 97) ; *Hines* v. *Wilson,* 164 *Ga.* 888 (5) (139 S. E. 802). "All persons who are directly or consequentially interested in the event of the suit should be made parties." *Gormley* v. *Wilson,* 176 *Ga.* 711 (168 S. E. 568). The question as to disposition of the funds in the hands of the Piedmont Investment Corporation as trust funds for the benefit of the stockholders is sufficient to supply a common nexus for joining all the defendants in one action; and consequently there was no improper joinder of parties or causes of action.

2. An actionable tort may arise from breach of a duty imposed by contract. In such case the liability arises out of a breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. *City & Suburban Railway* v. *Brauss,* 70 *Ga.* 368; *Owens* v. *Nichols,* 139 *Ga.* 475 (77 S. E. 635) ; *Lea* v. *Harris,* 88 *Ga.* 236 (14 S. E. 478) ; *Ellis* v. *Taylor,* 172 *Ga.* 830 (159 S. E. 266).

3. "The trustee shall not use the trust funds to his own profit. He shall be liable to account for all such profits made." Code of 1910, § 3767; Code of 1933, § 108-429. This principle applies

where a fiduciary relation exists between the parties, whether or not the person occupying the position of trust is a technical trustee. *Caruthers* v. *Corbin*, 38 *Ga.* 75; *Rogers* v. *Dickey*, 117 *Ga.* 819 (45 S. E. 71); *Oliver* v. *Oliver*, 118 *Ga.* 362 (45 S. E. 232).

4. The primary object of the suit by the stockholders was to recover damages for breach by the defendants Swann and Turner of duty imposed by contract creating a fiduciary relation, and also as arising out of their relations as officers of the bank in which plaintiffs were shareholders; and secondarily to·obtain certain ancillary equitable relief. Under application of the foregoing principles, the petition as finally amended alleged an equitable cause of action, and was not demurrable on any of the grounds of attack. The allegations as to a written offer by Swann and Turner to the stockholders, and as to acts of the respective parties in pursuance of the offer, were sufficient to charge acceptance of the offer and a contract binding upon all the parties, notwithstanding the copy of the offer attached to the petition as an exhibit did not bear the signatures of the petitioners. See *Hollingsworth* v. ·*People's Bank of Carrollton*, 179 *Ga.* 704 (177 S. E. 743).

*Judgment affirmed. All the Justices concur, except Hutcheson. J., disqualified.*