33255. DALE ELECTRIC COMPANY *v.* THURSTON.

SUTTON, C. J. This was an action in tort by Dale Electric Company against B. O. Thurston in the City Court of Hall County, to recover for a loss allegedly caused by the negligence of Thurston. According to the evidence, the City of Gainesville was the owner of a lighting system located in a baseball park, and Dale Electric Company contracted to make certain repairs on the system, and place it in a good and usable condition, and, in order to perform this contract, Dale

Electric Company contracted with Thurston to construct concrete bases around certain poles, and Thurston excavated around a certain pole without bracing it, and on this account, or for other reasons, the evidence being conflicting in this respect, it fell over or was blown over, and certain equipment on it was damaged or destroyed, and this equipment was repaired or replaced by Dale Electric Company. On motion of the defendant, the trial judge directed a verdict for the defendant on the ground that the plaintiff was not the owner of the property damaged, and therefore could not recover, and judgment rendered accordingly. The plaintiff moved for a new trial, and excepted to the overruling thereof. The amended motion consists of the usual general grounds and one ground complaining of the direction of the verdict. *Held*:

1. If A and B contract for B to do certain work and perform certain repairs on property owned by A, so as to place the property in a usable condition, and B contracts with C to do a part of the work, B and C are each under an obligation to A, the owner of the property, to refrain from injuring the property while doing work thereon, and if C negligently injures the property while engaged in the performance of his contract with B, thereby creating a claim by A against B arising out of the contractual relationship between A and B, and B precludes this claim by repairing the damage caused by C, B can recover from C for the amount of his loss occasioned by the negligence of C, this liability in tort being incidental to and arising out of the relationship of the parties under the circumstances and the contract between B and C. C owed the duty to B not to negligently injure the property which he contracted with B to repair. See Code, §§ 3-109, 105-101, 105-103, 105-104, 105-105, 105-106; *Carr* v. *Southern Ry. Co.*, 12 *Ga. App.* 830 (79 S. E. 41); *Lipscomb* v. *Watkins*, 28 *Ga. App.* 185 (110 S. E. 502); *Allen* v. *Southern Ry. Co.*, 33 *Ga. App.* 209 (1) (126 S. E. 722); *Owens* v. *Nichols*, 139 *Ga.* 475 (1) (77 S. E. 635); *Swann* v. *Wright*, 180 *Ga.* 323, 326 (2) (179 S. E. 86). Also, see 38 Am. Jur., Negligence, § 21, p. 662 et seq.; *Bickford* v. *Richards*, 154 Mass. 163 (27 N. E. 1014, 26 Am. St. R. 224).

2. Applying the above principles to the evidence in this case, a finding by the jury in favor of the plaintiff would have been authorized, and it was error for the judge to direct a verdict for the defendant and overrule the motion of the plaintiff for a new trial. Those cases cited and relied upon by the defendant in error, denying recovery by the plaintiff for property damaged where the plaintiff had not shown title to the property damaged, or a special property interest therein, are distinguishable on their facts, nothing appearing in such and similar cases creating an obligation on the part of the one seeking recovery to save the owner of the property from the particular loss or damage.

*Judgment reversed. Felton and Worrill, JJ., concur.*

Decided October 19, 1950.

*Dunlap & Dunlap, William P. Whelchel,* for plaintiff.
*Sam S. Harben,* for defendant.