25543. GAY v. GAY, Guardian.

ARGUED DECEMBER 8, 1969—DECIDED FEBRUARY 5, 1970.

*Shi & Raley, Trammell F. Shi,* for appellant.

*Heyman & Sizemore, Robert G. Young,* for appellee.

MOBLEY, Presiding Justice. The Court of Appeals certified the following questions to this court:

"1. Where one is appointed guardian of the estate of an incompetent, and the main asset of the estate consists of 50% of the outstanding stock of a corporation of which the guardian, both prior to and during the guardianship, is a director and officer, drawing a salary of $12,000 per annum from the corporation for his services as president, must the guardian, before he may be granted letters of dismission under *Code* § 49-314, account to the trust estate for all or part of the compensation received from the corporation during the guardianship, without regard to other factors such as the capability of the guardian to fill the position with the corporation or the reasonableness of the compensation paid to him?

"2. Where one is appointed guardian of the estate of an incompetent, and the main asset of the estate consists of 50% of the outstanding stock of a corporation of which the guardian, both prior to and during the guardianship, is a director and salaried officer, must letters of dismission under *Code* § 49-314 be denied to the guardian because of a possible conflict between his personal interest and that of his ward, without regard to other factors such as whether there has been an actual loss to, or depreciation in value of, the trust estate resulting from such a possible conflict of interest?

"See *Clark v. Clark,* 167 Ga. 1 (144 SE 787); *Dowling v. Feeley,* 72 Ga. 557 (1); II Scott on Trusts §§ 170, pp. 1297-1298; 170.22, pp. 1377-1379 and cases cited (3d Ed. 1967); Bogert, Trusts & Trustees §§ 527, pp. 368-371; 543, pp. 473-482; 543(N), pp. 563-567 and cases cited (2d Ed. 1960); Restatement (Second), Trusts § 170, Comments A, o."

The question for decision in the first question is whether a person who is a salaried officer in a corporation, in accepting guardianship of an incompetent person owning stock in the corporation, forfeits his salary as an officer in the corporation, without regard to any other factor.

*Code* § 108-429 provides: "The trustee shall not use the trust funds to his own profit. He shall be liable to account for all such profits made." This principle applies to persons sustaining fiduciary relations to others, such as guardians. *Dowling v. Feeley,* 72 Ga. 557; *Swann v. Wright,* 180 Ga. 323, 326 (179 SE 86).

In *Clark v. Clark,* 167 Ga. 1 (c) (144 SE 787), it was held that: "A trustee's election of himself to a salaried office in a corporation, by means of stock owned by the trust estate therein, furnishes a good ground for his removal, because of the possible conflict between his individual interest to retain the stock, when the interest of the trust might require its sale." The *Clark* case does not decide the certified questions under consideration. The trustees in that case had elected themselves to salaried offices in the corporation by means of the stock owned by the trust estate, and the petition charged them with incompetence and mismanagement of the corporation. This court held that they were liable to the beneficiaries for the losses arising from the depreciation in value of the stock. The guardian described in the certified questions in the present case was already an officer of the corporation when he assumed the guardianship, and the questions eliminate consideration of contentions of lack of capability to fill the position, reasonableness of the compensation paid, or depreciation in value of the incompetent's estate.

In II Scott on Trusts (3d Ed.) § 170.22, pp. 1377-1379, it is said: "It not infrequently happens that a trustee holding shares of a corporation as a part of the trust estate is or becomes an officer or director of the corporation. In such a case the question arises whether he is accountable to the trust for the salary which he receives from the corporation. In some cases he has been held accountable. On the other hand, there are cases holding that he is not accountable for the salary so received.

It would seem that the mere fact that he holds in trust shares of a corporation does not of itself make him accountable for the salary which he receives from the corporation, particularly where he was an officer of the corporation and received the same salary before he became trustee of the shares."

In Restatement (2d), Trusts, § 170, p. 371, it is stated: "Where a trustee of shares of stock uses his power as shareholder to make an improper profit, he is liable for the profit so made. Thus, if he procures his election as an officer of the corporation at a salary greater than that which is warranted by the services he performs as such officer, he commits a breach of trust and is accountable for the whole or at least a part of the salary which he receives as such officer, the extent of his liability depending upon the circumstances. It is not necessarily improper, however, for a trustee to receive compensation as an officer of a corporation, shares of which he holds in trust, even though the shares represent a controlling interest in the corporation, if he performs necessary services as such officer, and receives no more than proper compensation for such services."

The compensation of an officer of a corporation is for services rendered to the corporation, and is not a profit from the estate of his incompetent ward owning stock in the corporation, unless he uses the guardianship stock to obtain an excessive salary for himself. It is the opinion of this court that a salaried officer in a corporation does not forfeit his salary as such officer by the act of accepting the guardianship of an incompetent person owning stock in the corporation. The mere possibility of conflict between the personal interest of the guardian who is a salaried officer and director in a corporation in which the ward owns stock and the interest of his ward would not require the refusal of letters of dismission to the guardian. Both questions are answered in the negative.

*The certified questions are answered in the negative. All the Justices concur.*