27114.  BERRY v. SLAPPEY et al.

JORDAN, Justice. Berry filed an equitable petition against Slappey in Dougherty Superior Court, seeking the cancellation of a warranty deed, which indicates by the transfer tax a consideration of $10,000, conveying property to Slappey which Berry allegedly executed under coercion, duress, and the threat of criminal prosecution. Slappey answered, alleging that the deed was freely and voluntarily executed to cover an indebtedness of Berry to Slappey of $4,096.42, and an indebtedness of Berry to Slappey & Berry Insurance Agency, Incorporated, of which Slappey was sole stockholder, in excess of $6,000, by reason of the fraudulent conversion of moneys belonging to the corporation, it being understood that the conveyance would liquidate the claims of Slappey individually, as well as the indebtedness to the corporation. Slappey Insurance Agency, Incorporated, successor to Slappey & Berry, filed a motion to intervene, alleging in the proposed answer that in accepting the deed Slappey was an agent of the intervenor for funds owed to the intervenor, consisting of an indebtedness on open account and moneys converted by Berry, estimated in excess of $6,000, and by proposed counterclaim that "defendant owes plaintiff" (sic) on account $2,379.88, and that "defendant" (sic) converted $3,425.88 in funds of the intervenor. Additionally, the intervenor sought exemplary or punitive damages from the plaintiff.

Berry appeals the order of the trial judge allowing the intervention, the order having been duly certified for direct appeal. *Held:*

The Civil Practice Act as amended, Ga. L. 1968, pp. 1104, 1108 (CPA § 24 (a) (2) as amended, *Code Ann.* § 81A-124 (a) (2)) provides for intervention as a matter of right "when the applicant claims an interest relating to the property or transaction which is the subject-matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede

his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." It is manifestly clear from the allegations of the individual defendant as well as the intervenor that the individual defendant holds the property to cover indebtedness to him individually, as well as in a fiduciary capacity to cover indebtedness to the corporate intervenor. It is equally clear that a disposition of the action in favor of the plaintiff would as a practical matter impair the ability of the intervenor to protect its alleged beneficial interest in the property. We think the trial judge properly allowed the intervention as a matter of right under CPA § 24 (a) (2).

Moreover, long before the Civil Practice Act it was the settled practice in equity that all persons who are directly or consequentially interested in the event of the suit should be parties. *Code* § 37-1004; *Gormley v. Wilson,* 176 Ga. 711 (168 SE 568).

*Judgment affirmed. All the Justices concur.*
SUBMITTED APRIL 10, 1972—DECIDED MAY 3, 1972.

*Vansant & Engram, B. Sam Engram, Jr.,* for appellant.
*Wingate & Bartlett, Fred E. Bartlett, Jr.,* for appellees.