## 48191. KELLEY v. KELLEY.

SUBMITTED MAY 1, 1973 — DECIDED MAY 31, 1973 — REHEARING
DENIED JUNE 20, 1973.

*Greer, Sartain & Carey, Tifton S. Greer,* for appellant.
*Glyndon C. Pruitt, Merrell H. Collier,* for appellee.

DEEN, Judge. ■ The evidence of each of the parties to this lawsuit raises some doubt about the qualifications of the other to administer the estate held in trust for the ward in a completely disinterested manner. There was testimony concerning a purported deed from the incompetent to the appellant dated at a time when she was physically incapable of placing a mark on it or understanding its contents. There was other testimony regarding land in Forsyth County left by the ward's deceased husband to herself and her two sons; deeds dated in 1952 and recorded in 1971 were, according to the guardian's testimony, challenged by her husband while in life on the ground that his name signed as grantor was not in fact his signature or placed there with his consent. The deeds conveyed the one third interest of each son to

the mother. Other evidence would have authorized a finding that both George and James Kelley were at one time jointly interested in setting aside the deeds on account of gift tax consequences. There were numerous other material contradictions in the testimony.

Code § 49-107 provides that among collaterals applying for guardianship the next of kin, if otherwise unobjectionable, is to be preferred, but the ordinary may exercise his discretion and if necessary appoint a stranger in blood. The nearest relative thus has an absolute right to the appointment if unobjectionable. *Johnson v. Kelly,* 44 Ga. 485; *Armor v. Moore,* 104 Ga. 579, 581 (30 SE 821). But the words *objectionable,* or even *unfit,* refer not to moral qualities exclusively but to any position or course of dealing which leads to the conclusion that the interest of the person selected is adverse to that of the estate. *Davis v. Davis,* 33 Ga. App. 628 (127 SE 779). Whether or not the positions taken by the appellant and the commingling of his personal funds with those of the incompetent were adverse to her interest cannot absolutely be decided as a matter of law. There was, then, a discretion vested in the ordinary in the original appointment, and that same discretion rests in the jury on appeal. *Chalker v. Thornton,* 31 Ga. App. 791 (1) (122 SE 244).

■ "It is difficult to conceive of a more confidential relation that can exist between two persons than that of guardian and ward, insofar as the property rights of the latter are concerned." *Short v. Mathis,* 107 Ga. 807, 810 (33 SE 694). The guardian may not use trust funds for his own profit. Code § 108-429; *Swann v. Wright,* 180 Ga. 323, 326 (179 SE 86). But a mere possibility of conflict of interest will not automatically preclude the exercise of the trust where the fiduciary is otherwise qualified. *Gay v. Gay,* 226 Ga. 90 (172 SE2d 690). While it is true that the appellee's testimony indicates that she believed testimony of her deceased husband that the latter's signature on the 1952 deed from him to the incompetent was spurious, she also testified that as administratrix of her husband's estate she was not claiming any interest in the property. As guardian she would of course be estopped to attempt to set up an adverse title (Code § 38-117) and proof of any attempt to do so would disqualify her for that position. No such attempt, however, has been made. The possible conflict of interest was one of the issues to be considered by the jury as a factual question rather than one of law for this court.

■ The trial court removed from the papers going to the jury room

the order of the ordinary appointing Mrs. Kelley as guardian, but did leave the appeal bond, and instructed the jury that this was an appeal complaining of the order appointing her as such. The superior court trial is a de novo investigation. Is it reversible error to allow the jury to know what the outcome was in the Court of Ordinary? Code § 6-501 provides that the appeal "brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on the former trial or not; either party is entitled to be heard on the whole merits of the case." In a de novo damage suit for eviction an appeal to which this section was applicable was tried in the superior court and error assigned on allowing the appeal bond to go before the jury. As stated in *Shuman v. Smith,* 100 Ga. 415, 417 (28 SE 448): "It is the practice in the superior court in appeal cases to hand to the jury all the papers connected with the appeal. The jury, if they read the appeal bond, would necessarily see that the appellant lost his case in the lower court. This would not, we believe, in such a case be cause for granting a new trial and setting aside the verdict." Enumerations of error 5 and 7 are without merit.

■ We have examined the remainder of the court's instructions to the jury and find no reversible error. The statement that the papers sent out with the jury were not evidence but constituted contentions and actions of the court would not, if the papers were examined, cause the jury to believe the court was contending, or expressing an opinion, contrary to Code § 81-1104. In view of what has been said above it was also proper to inform them that "the ordinary, and in this case the jury, you the jury, however, in every case may exercise his or its discretion according to the circumstances and if necessary grant the letters to a stranger in blood."

■ Three enumerations of error go to rulings sustaining objections to questions asked of the appellee on cross examination. Since the questions were rephrased and substantially the same information adduced, no reversible error is shown. The question, relating to no state of facts in particular: "Which would you try to protect, your husband's interest or the interest of Mrs. George L. Kelley, Sr.?" was based on a hypothesis not established, that is, that the appellee's interests as administratrix and guardian were necessarily antithetical, and called for a conclusion as to a future event. It was properly disallowed.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*