68698. JACKSON v. SPRINGFIELD.
(321 SE2d 802)

POPE, Judge.

Plaintiff-appellee Springfield brought suit in the Small Claims Court of Liberty County against defendant-appellant Larry Jackson d/b/a Jackson Body Shop, seeking the return of money paid to Jackson for unsatisfactory bodywork performed on Springfield's automobile. Springfield received a judgment in his favor in the sum of $750 plus court costs. Jackson appealed to the Superior Court of Liberty County and demanded a jury trial from which a judgment was entered against him in the sum of $1,664.

Jackson appeals to this court enumerating as sole error the trial court's denial of his motion for mistrial based upon certain improper

remarks made by Springfield and his counsel. The trial court's failure to grant his motion for mistrial, Jackson asserts, effectively denied him the trial de novo on appeal to the superior court provided by OCGA § 15-10-41 (b). See also OCGA § 15-10-2 (5). We disagree.

1. First, Jackson contends that Springfield's counsel made an improper remark in his opening statement or during voir dire by stating that the case was before the jury in the superior court on appeal from the small claims court. We do not find the remark in and of itself to be improper. See OCGA § 5-3-29; *Kelley v. Kelley*, 129 Ga. App. 257 (3) (199 SE2d 399) (1973). However, we need not further explain our reasoning because the record before us does not include transcription of either the opening statements of counsel or voir dire. Where there is nothing in the record to support a contention of error, nothing is presented to this court for review. See *Shells v. State*, 168 Ga. App. 442 (309 SE2d 664) (1983); *Duckworth v. Collier*, 164 Ga. App. 139 (1) (296 SE2d 640) (1982).

2. The second incident complained of arose during direct examination of Springfield. When asked by his own attorney whether or not he had had to hire a lawyer to represent him in the action to retrieve the money paid to Jackson, Springfield replied: "Yes. And another thing, on that . . . Mr. Jackson and his lawyer knew that I was going to Germany. I was suppose [sic] to have been in Germany now . . . And when I found out they appealed it from the Small Claims Court . . . ." Springfield's attorney then interrupted, admonishing Springfield that he could not go into what had happened in the court below. Out of the presence of the jury, counsel for Jackson moved for a mistrial.

The record shows that Springfield's comment was spontaneous and unresponsive to the question posed. After the motion for mistrial, the jurors were returned to the courtroom whereupon they were instructed to disregard that part of Springfield's testimony. Then the trial court polled the jurors individually as to whether each would be able to disregard the statement. When all responded in the affirmative, Jackson's motion for mistrial was denied.

"This enumeration is without merit. 'The trial judge in passing on motions for mistrial has a broad discretion, dependent on the circumstances of each case, which will not be disturbed unless manifestly abused. (Cits.) Unless it is apparent that a mistrial is essential to preservation of the right of fair trial, the discretion of the trial judge will not be interfered with.' *Atlantic C. L. R. Co. v. Smith*, 107 Ga. App. 384 (6) (130 SE2d 355) (1963)." *Firestone Tire &c. Co. v. King*, 145 Ga. App. 840, 843 (244 SE2d 905) (1978). Accord *Marriott Corp. v. American Academy of Psychotherapists*, 157 Ga. App. 497 (4) (277 SE2d 785) (1981).

We do not believe Springfield's statement to have been so preju-

dicial as to require a mistrial. See *Kelley v. Kelley*, supra. Moreover, under the circumstances of this case, the corrective measures taken by the trial court were ample to satisfy the trial court, as well as this court, that Jackson's right to a fair trial in the superior court was preserved. Additionally, Jackson's counsel was apparently satisfied with the corrective actions of the trial court. The record reveals that no objection was made to the sufficiency of the correctional measures, nor was Jackson's motion for mistrial renewed after the curative actions were taken. There was no abuse of the trial court's discretion and we find no merit to this enumeration. See *Turner v. Wilmouth*, 161 Ga. App. 2 (3) (288 SE2d 839) (1982).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1984.

*Jeffery L. Arnold*, for appellant.
*John E. Pirkle*, for appellee.