A95A2566. IN RE PITTS.
(463 SE2d 550)

BLACKBURN, Judge.

Joyce L. Rogers appeals the probate court's dismissal of her petition to modify the guardianship of her elderly mother, Marian A. Pitts, an incapacitated adult.

Rogers sought to replace the Fulton County Department of Family & Children Services and Ann J. Herrera who had been appointed, respectively, as guardian of Pitts' person and property. In her petition to modify guardianship, Rogers outlined her mother's medical diagnosis and various health-care needs. The petition also reflected that Rogers had recently moved into her mother's home and determined, without offering any specific figures, that the monthly allocation for her mother's expenses was insufficient. Rogers' petition also stated that her mother's house needed "a significant amount of repairs and upgrades." As her sole enumeration of error, Rogers asserts that the probate court erred in dismissing her petition without first conducting an evidentiary hearing.

Rogers' petition was specifically premised upon OCGA § 29-5-9 (a) (3) which provides: "Upon the petition of any interested person . . . a guardianship of the person or property of an adult ward may be modified or terminated, as appropriate, by the court . . . [b]y adjusting the guardianship order in the event of a significant change in the extent of the incapacity of the ward or the circumstances of the ward or the guardian."

16

The dismissal of Rogers' petition was premised on OCGA § 29-5-9 (b) which empowers the probate court to dismiss, without conducting an evidentiary hearing, those petitions where the court determines "there is not probable cause to believe that there are grounds for modification or termination of the guardianship." Rogers' petition merely sets forth facts concerning the state of her mother's health and finances. This factual recitation does not evidence a significant change in the extent of her mother's incapacity or her circumstances since the appointment of her guardian.

As we agree with the probate court's determination under OCGA § 29-5-9 (b) that Rogers' petition failed to establish probable cause that the grounds necessary to seek a modification of guardianship exist, we find that the probate court did not err in dismissing Rogers' petition without first conducting a hearing.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 3, 1995.

*Richard G. Pechin, for appellant.*
*Russell & Herrera, Ann J. Herrera, William R. Jenkins, Ralph Mitchell, David S. Beale, for appellee.*