## A01A2181. IN RE HOLLOWAY.
### (555 SE2d 228)

PHIPPS, Judge.

Beverly Harris and Harriett Taylor instituted this proceeding for appointment of themselves as guardians for the person and property of their mentally incapacitated 86-year-old mother, Mamie Bell Holloway, a widow. Holloway's sons intervened and sought appointment

---

of themselves or others as guardians. Finding none of the children qualified to act as guardian, the Superior Court of Crisp County appointed certain third parties as guardians under OCGA § 29-5-2. The daughters appeal. They contend that the trial court erroneously relied on OCGA § 29-4-8 and *Kelley v. Kelley*,[1] and they challenge the court's determination that they are not qualified to act as guardians. We find no ground for reversal and affirm.

Evidence introduced at the hearing below showed that Holloway's support needs were being adequately met through Social Security benefits and interest earned on $320,000 invested in bank certificates of deposit (CDs) when one of her sons obtained power of attorney from her, redeemed the CDs, transferred the proceeds to an irrevocable trust, named himself as trustee, and put the money in a stock brokerage account. Her daughters later removed Holloway from her home in Cordele to Macon without informing her sons. As a result, she was reported missing, and law enforcement authorities undertook a frantic search for her. The daughters filed a petition in the Probate Court of Bibb County for invalidation of the trust and appointment of themselves as guardians for the person and property of their mother. The guardianship proceeding was later transferred to Crisp County because it is Holloway's legal residence, and she was placed in a nursing home there. In the nursing home, she fell and broke her hip. Because of her children's inability to agree on whether she should receive medical treatment in Cordele or Macon, an emergency guardian had to be appointed to consent to immediate surgery.

OCGA § 29-5-2 sets forth statutory preferences to be considered by a court in selecting guardians for incapacitated adults. Unless disqualified, spouses and adult children are preferred over all other persons except for individuals who have been formally nominated by the ward prior to the ward's becoming incapacitated.[2] Although the statutory preferences must be considered by the court in selecting a guardian, the court may pass over a person having preference and appoint a person having lower preference or no preference "for good cause shown."[3] In determining whether to depart from the statutory preferences, the court shall consider "all relevant factors, including the ability of the person to perform the duties of a guardian . . . and the period of time which has elapsed since any person was nominated by the prospective ward or another."[4] "If no other person is available to be the guardian of the person of the ward, the judge may appoint the director of the department of family and children services of the

---

[1] 129 Ga. App. 257 (199 SE2d 399) (1973).
[2] OCGA § 29-5-2 (c) (1)-(3).
[3] OCGA § 29-5-2 (b).
[4] Id.

county of the residence of the person or of the county in which the person is being cared for as guardian of the person."[5] "If no other person is available to be the guardian of the property of the ward, the judge may appoint the county guardian to be guardian of the property."[6]

OCGA § 29-4-8 provides that among collateral relatives applying for the guardianship of a minor child, the nearest kin by blood, "if otherwise unobjectionable," shall be preferred. In *Kelley*,[7] the court held that "the word[ ] *objectionable* . . . refer[s] . . . to any position or course of dealing which leads to the conclusion that the interest of the person selected is adverse to that of the estate. [Cit.]"[8] Because OCGA § 24-9-8 relates to proceedings for the appointment of guardians for minors, it and *Kelley* have no direct application here.[9]

In the order appealed, the court ruled "that none of Mrs. Holloway's children is qualified to act as her guardian because each has in some way recently acted in such a way as to call into question whether his or her judgment as to Mrs. Holloway's best interests would be clouded by or influenced by his or her disdain for or mistrust of one or more siblings." The court found that although the daughters seemingly have the financial acumen and medical knowledge to serve as guardians, their actions in surreptitiously taking their mother from Cordele to Macon, and in refusing to consent to their mother's surgery in Cordele even though she was in excruciating pain, raise questions as to their objectivity in deciding guardianship issues. The court also noted that it is unlikely that any of the children could make an objective evaluation as to whether establishment of the trust was in Holloway's best interests and that, in all probability, if any of the children were appointed guardian of Holloway's person or property, further litigation would be the likely result. As strongly urged by Holloway's court-appointed attorney, the court therefore appointed the Crisp County Department of Family & Children Services (DFACS) Director as guardian of Holloway's person and the Crisp County Guardian as guardian of her property. In its order, the court, citing *Kelley* and OCGA § 29-4-8, also noted that it would be adverse to Holloway and her estate to appoint any of her children as guardian.

The evidence supports a determination that "good cause" has been shown for not appointing any of Holloway's children as guard-

---

[5] OCGA § 29-5-2 (d) (1).

[6] OCGA § 29-5-2 (d) (2).

[7] Supra, 129 Ga. App. at 259 (1).

[8] (Emphasis in original.)

[9] At a time when this statute was not limited to proceedings involving minors, *Armor v. Moore*, 104 Ga. 579 (30 SE 821) (1898), held the statute applicable to proceedings involving the appointment of guardians for adults.

ian of her person or property. Therefore, OCGA § 29-5-2 authorized the court to refuse to appoint her children as guardians and to appoint the DFACS director and county guardian instead. Under these circumstances, the court's citation to the inapplicable Code section and case provides no ground for reversal. Contrary to arguments advanced by the daughters, Holloway did not previously nominate her daughter Beverly as her guardian, nor did any ruling by the Crisp Superior Court in this case conflict with any earlier finding by the Bibb Probate Court.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 11, 2001.

*Gregory D. Golden, Lawrence D. Kupferman*, for appellant.

*Roberts, Rainwater & Ingram, Guy V. Roberts, Jr., Harris & James, Sarah S. Harris, Clifford W. Harpe, Jr., James W. Hurt*, for appellee.