A04A0906. IN RE HODGMAN.
(602 SE2d 925)

BLACKBURN, Presiding Judge.

In this action involving the guardianship of Thelma Hodgman (Ward), an incapacitated adult, Dr. Arthur Chapman, the Ward's son, appeals the trial court's appointment of the Cherokee County Administrator as guardian over the property of the Ward and Chapman, Linda Hall, the Ward's daughter, and Linda Hall's husband as joint guardians over the person of the Ward. On appeal, Chapman contends that the trial court erred in making these appointments because: (1) the trial court had no personal jurisdiction over the Ward because venue was improper; and (2) in the alternative, the trial court was required to appoint Chapman as sole guardian over the person and property of the Ward because he had previously been given a general power of attorney and a health care power of attorney. For the reasons set forth below, we affirm.

The record shows that, on February 19, 2002, the Ward executed a general power of attorney and a durable health care power of attorney naming Chapman as her agent for both powers. On January 16, 2003, the Ward suffered debilitating injuries in a car wreck and has remained incapacitated. It is undisputed that, at the time of the wreck, the Ward was a resident of Fulton County.

In May 2003, Chapman decided to relocate the Ward to his home in Cherokee County. Chapman began marshaling the Ward's assets, and he refused to allow Hall or her husband to participate in the Ward's care. Due to a fear that the Ward's assets were being mismanaged, on November 7, 2003, the Halls filed a petition in the Cherokee County Probate Court for the appointment of an emergency guardian and a permanent guardian over the person and property of the Ward, and the trial court set a hearing on the petition for November 11, 2003. The trial court also appointed an attorney, E. Paul Stanley, to act on the Ward's behalf at the hearing, and it ordered Chapman to stop exercising his power of attorney until the hearing could be held.

On November 10, 2003, Chapman filed his own separate petition for guardianship over the Ward in Cherokee County, and he filed a motion to intervene in the Halls' action. At the same time, however, Chapman purported to challenge that same court's jurisdiction over the Ward in the proceeding initiated by the Halls, contending that venue was improper because the Ward was a resident of Fulton County, not Cherokee County.

At the hearing on the Halls' petition, the Ward's appointed attorney, however, assented to the proceedings before the Cherokee County court and explicitly stipulated the Ward's need for guardians to be appointed by that tribunal. Following the presentation of evidence, the trial court concluded that the Ward did need guardians, and it appointed the Cherokee County Administrator as guardian over the property of the Ward and Chapman and the Halls as joint guardians over the person of the Ward. Chapman now challenges these appointments.

1. Chapman contends that the trial court lacked personal jurisdiction over the Ward, contending that venue was improper because she was a legal resident of Fulton County at the time of the hearing. Although we agree that the Ward remained a legal resident of Fulton County at the time of the hearing, despite the fact that she could be found in Cherokee County, venue was waived in these proceedings.

As a general matter,

> [o]ne's legal residence for the purpose of being sued in this state is generally the same county as his or her domicile. There must be a concurrence of actual residence and the intention to remain, to acquire a domicile. There must be

either the tacit or the explicit intention to change one's domicile before there is a change of legal residence. However, a person who is mentally incompetent and who moves from one place to another may lack the mental capacity to change his or her domicile.

(Citations and punctuation omitted.) *Sorrells v. Sorrells.*[1]

It is undisputed that, at the time of her car wreck on January 16, 2003, the Ward was a resident of Fulton County. It is also undisputed that, due to her injuries, the Ward was mentally incapacitated at the time that she was later moved to Cherokee County by Chapman. Therefore, the Ward lacked capacity to change her legal residence to Cherokee County and remained a resident of Fulton County at the time of the hearing.

Venue, however, may be waived, and it was in this case by all parties representing the Ward's interests. Stanley, the attorney appointed to represent the Ward, explicitly waived venue. And, contrary to his vociferous arguments otherwise, Chapman, to the extent he retained any rights to act on behalf of the Ward, waived venue as well. Although he purported to challenge venue in the Halls' guardianship action, he filed his own petition for guardianship in the Cherokee County court, submitting both himself and the Ward to that court's jurisdiction.

Thus, as both the Ward's legal representative and Chapman submitted the Ward to the jurisdiction of the Cherokee County court, Chapman's contentions regarding improper venue in this appeal are without merit.

2. Chapman contends that the trial court erred by failing to nominate him as the sole guardian over the person and property of the Ward because he had previously been given a general power of attorney and a durable health care power of attorney. Chapman contends that the trial court's appointments thereby violated OCGA § 29-5-2 (c) (1), which indicates that the most preferable individual to be appointed as guardian over an incapacitated adult is "[a]n individual nominated by the incapacitated adult *prior to the filing of the petition for a finding of incapacity,* if at the time of nomination the incapacitated adult was 18 or more years of age and had, in the opinion of the court, sufficient mental capacity to make an intelligent choice."

OCGA § 29-5-2 (b) provides, however:

---

[1] *Sorrells v. Sorrells*, 247 Ga. 9, 11-12 (3) (274 SE2d 314) (1981).

The preferences set forth in this Code section must be considered by the court in selecting a guardian; however, for good cause shown, in writing, the court may pass over a person having a preference and appoint a person having a lower preference or no preference or, in appointing a property guardian, may appoint a corporation having general trust powers if the court finds such person or corporate fiduciary to be substantially more qualified and such appointment to be clearly in the best interests of the ward. In determining whether to depart from the preferences set forth in this Code section, the court shall consider all relevant factors, including the ability of the person to perform the duties of a guardian under this chapter and the period of time which has elapsed since any person was nominated by the prospective ward or another.

In this case, the trial court specifically ruled that, due to the exigencies of the situation before it, it was in the Ward's best interests to appoint guardians in the manner that it did. In light of these specific findings, we cannot say that the trial court abused its discretion in determining who would best serve the Ward as guardians of her person and her property pursuant to OCGA § 29-5-2 (b).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 9, 2004.

*Harper, Waldon & Craig, Russell D. Waldon, James A. Neuberger*, for appellant.
*Adamson & Wolfe, Kevin A. Adamson*, for appellee.