A04A2136, A04A2137. IN RE ESTATE OF TAYLOR (two cases).
(608 SE2d 299)

ELLINGTON, Judge.

Following the resignation of the previous guardian of the property of Jason Taylor, an incapacitated adult and ward of the court, the Probate Court of Gwinnett County appointed the county guardian. The ward's mother and guardian of his person, Janice Taylor, who had asked the court to appoint her guardian of the ward's property, sought the appointment and now appeals from the probate court's related rulings, contending the court abused its discretion in appointing the county guardian.[1] For the following reasons, we reverse the appointment of the county guardian and remand this case for further proceedings.

We review the probate court's appointment of a guardian under the abuse of discretion standard. *In re Hodgman*, 269 Ga. App. 34, 37 (2) (602 SE2d 925) (2004); *Gary v. Weiner*, 233 Ga. App. 284, 285 (2) (503 SE2d 898) (1998).

The record reveals the following undisputed facts.[2] The previous guardian of the ward's property resigned on February 9, 2004. In an

---

[1] We have jurisdiction over this appeal pursuant to OCGA §§ 5-6-33, 15-9-120, and 15-9-123 (appeals from orders of probate courts in counties with populations greater than 96,000). Cf. OCGA § 29-5-11 (appeals in guardianship proceedings generally).

[2] We note that the county guardian did not file a brief pointing out any defects in Taylor's statement of facts or indicating any opposition to Taylor's appeal. See Court of Appeals Rule 27

order entered February 13, 2004, the probate court ordered that "any party interested in serving as guardian shall file a petition for appointment." See OCGA § 29-5-6 (a) (1).[3] In the February 13 order, the probate court ordered that a hearing would be held on the matter on March 22, 2004. The clerk served on Taylor a copy of the order setting down the hearing. Taylor appeared at the March 22 hearing and indicated that she wished to serve as the guardian of her son's property and believed she could provide a surety bond to the court. In an order entered March 23, 2004, the probate court ordered Taylor to tender to the court on or before March 26, 2004, a fiduciary bond with approved surety in the amount of $90,000. The order stated, "If she fails to tender said bond before the close of business on that date, John E. Tomlinson, County Guardian, shall be appointed as successor guardian of the property."

On March 26, Taylor notified the probate court that the surety company could not process the bond in only three days and requested additional time. On March 30, the county guardian filed proof of the required bond and executed the oath to be designated the guardian of the ward's property. On March 31, Taylor filed a motion for a hearing regarding the guardianship bond, notified the court that she had been approved for a bond in the designated amount, and objected to the appointment of the county guardian. In an order entered April 2, 2004, the probate court denied Taylor's request for a hearing.

In related claims of error, Taylor contends the probate court abused its discretion in appointing the county guardian without giving her a reasonable opportunity to obtain the required bond. When a probate court is called upon to appoint a guardian of the person or property of an incapacitated adult, OCGA § 29-5-2 requires the court to apply certain preferences to a list of qualified petitioners.[4]

---

(b) (except as controverted, appellant's statement of facts may be accepted by this Court as true).

[3] Any interested person or persons, including the alleged incapacitated person, and including the Department of Human Resources in the case of an allegedly incompetent person who is receiving services from the department or whom the department believes to be eligible for such services, may file a petition under oath for the appointment of a guardian.

[4] The statute provides,

[F]or good cause shown, in writing, the court may pass over a person having a preference and appoint a person having a lower preference or no preference or, in appointing a property guardian, may appoint a corporation having general trust powers if the court finds such person or corporate fiduciary to be substantially more qualified and such appointment to be clearly in the best interests of the ward. In determining whether to depart from the preferences set forth in this Code section, the court shall consider all relevant factors, including the ability of the person to perform the duties of a guardian under this chapter and the period of time which has elapsed since any person was nominated by the prospective ward or another.

A parent of the incapacitated person, such as Taylor, is listed fourth in preference among qualified petitioners. OCGA § 29-5-2 (c) (4). After the list of preferences, the statute provides, "[i]f no other person is available to be the guardian of the property of the ward, the judge may appoint the county guardian to be guardian of the property." OCGA § 29-5-2 (d) (2).

In this case, the probate court appointed the county guardian to be guardian of the ward's property. Implicit in this ruling is the finding that Taylor, despite her declared desire to serve as the guardian of her son's property, was not "available to be the guardian of the property of the ward." The related rulings of the probate court indicate no rationale for such a finding except Taylor's failure to obtain the required bond within the three days allowed by the court. Although the probate court enjoys wide discretion in determining whether any person is "available" to serve as guardian of the ward's property,[5] under the circumstances presented here we find the court abused that discretion when it failed to give Taylor a reasonable opportunity to meet the court's requirements before passing her over in favor of the county guardian. Accordingly, we reverse the appointment of the county guardian and remand for further proceedings.

*Judgment reversed and cases remanded. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 8, 2004.

*John O. Moore, David P. Pollan*, for appellant.
*John E. Tomlinson*, for appellee.

---

OCGA § 29-5-2 (b). We note that a completely rewritten Title 29, Guardian and Ward, takes effect July 1, 2005. Ga. L. 2004, p. 161. At that time, the order of preferences for appointment, corresponding to current OCGA § 29-5-2, will be codified at OCGA § 29-4-3. Ga. L. 2004, pp. 161, 224-225, § 1.

[5] See *In re Hodgman*, 269 Ga. App. at 37 (2) (in light of the trial court's specific findings that it was in the ward's best interests to depart from the statutory preferences in appointing guardians of her person and her property, appellate court found no abuse of discretion in appointing county guardian); *In re Holloway*, 251 Ga. App. 892, 894-895 (555 SE2d 228) (2001) (evidence supported a determination that good cause has been shown for not appointing any of ward's children as guardian of her person or property).