**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0536. IN THE INTEREST OF FARR.

DILLARD, Judge.

This appeal follows the dismissal of St. Joseph's/Candler Health System's ("SJCHS") petition for the appointment of an emergency guardian for Claudine Tapley Farr, who is a patient at St. Joseph's Hospital in Savannah. On appeal, SJCHS contends that the probate court erred by dismissing the emergency guardianship petition for failure to satisfy the requirements of OCGA § 29-4-14 (b) (4). For the reasons set forth *infra*, we affirm.

The record reflects that SJCHS filed a petition in the Probate Court of Chatham County for the appointment of an emergency guardian.[1] The petition, which was

---

[1] This was not the first instance in which SJCHS petitioned the probate court with regard to Farr but, for purposes of this appeal, we need not repeat the entire history of probate filings made between SJCHS, Farr, and Farr's family.

supported by various affidavits and evaluations from SJCHS employees (including physicians), alleged that Farr was "incapacitated by reason of end stage Parkinson's disease, diabetes mellitus, recurring infections, contracted extremities and respiratory failure" to the extent that she lacked "sufficient capacity to make or communicate significant responsible decisions concerning her health or safety," and that there was "an immediate, clear and substantial risk of death or serious physical injury, illness, or disease unless an emergency guardian is appointed." Accordingly, SJCHS sought the appointment of an emergency guardian and requested that such guardian be ordered to assist SJCHS in accomplishing Farr's discharge from St. Joseph's Hospital.

Farr's son filed a motion to dismiss the emergency petition, alleging, *inter alia*, that it failed to satisfy the requirements of OCGA § 29-4-14 (b) (4), which provides that a petition for the appointment of an emergency guardian must set forth "[a] statement of the reasons the emergency guardianship is sought, including the facts that support the need for a guardian *and* the facts that establish an immediate and substantial risk of death or serious physical injury, illness, or disease unless an emergency guardian is appointed."[2] And here, the only apparent "emergency"

---

[2] OCGA § 29-4-14 (b) (4) (emphasis supplied).

2

identified by SJCHS's petition was the hospital's desire to transfer Farr out of its acute-care facility and into what it believed to be a more appropriate facility for the lesser-level of care she was deemed to require.

Following a preliminary hearing at which the probate court heard oral argument as to why the parties believed an evidentiary hearing either was or was not necessary, the court directed that it would deny instanter the portion of SJCHS's request seeking the appointment of an emergency guardian who would also be ordered to discharge Farr from the hospital. Thereafter, the sole issue in dispute was whether SJCHS alleged sufficient facts to establish the need for an *emergency* guardian.[3]

At the hearing, SJCHS asserted that the emergency was Farr's need to have a representative who could make decisions on her behalf, but the probate court rejected the contention that this required the appointment of an *emergency* guardian as opposed to a permanent guardian.[4] Indeed, the court opined that the only "emergency" was SJCHS's desire to discharge Farr from its acute-care facility, which

---

[3] Farr's son did not dispute that she was incapacitated and in need of a guardian.

[4] *Compare* OCGA § 29-4-10 (setting forth the procedures to petition for the appointment of a guardian) *with* OCGA § 29-4-14 (setting forth the procedures to petition for the appointment of an emergency guardian).

the court did not consider to be an emergency within the meaning of OCGA § 29-4-14 (b) (4).[5] Thus, the court determined that there was no need to proceed with an evidentiary hearing due to a lack of probable cause and dismissed SJCHS's petition.[6] This appeal by SJCHS follows.

In its sole enumeration of error, SJCHS argues that the trial court erred in dismissing the petition for appointment of an emergency guardian. We disagree.

As the trial court correctly determined, SJCHS presented nothing to satisfy OCGA § 29-4-14's requirement of establishing "an immediate and substantial risk of death or serious physical injury, illness, or disease unless an emergency guardian is appointed."[7] And while SJCHS sought the appointment of an emergency guardian to

---

[5] *See* OCGA § 29-4-14 (b) (4) (requiring a petition for an emergency guardian to "establish an immediate and substantial risk of death or serious physical injury, illness, or disease").

[6] Specifically, the trial court determined "that the petition fails to satisfy the requirements of OCGA § 29-4-14 (b) (4) as required by OCGA § 29-4-15 (a)." *See* OCGA § 29-4-15 (a) ("Upon the filing of a petition for an emergency guardianship, the court shall review the petition and the affidavit, if any, to determine whether there is probable cause to believe that the proposed ward is in need of an emergency guardian within the meaning of paragraph (4) of subsection (b) of Code Section 29-4-14."); OCGA § 29-4-15 (b) ("If the court determines that there is no probable cause to believe that the proposed ward is in need of an emergency guardian, the court shall dismiss the petition . . . .").

[7] *See* OCGA § 29-4-14 (b) (4).

4

effectuate its desire to discharge Farr from its acute-care facility and transfer her to a nursing facility that it deemed more appropriate, there was no indication that Farr was threatened by an immediate and substantial risk of death, serious physical injury, illness, or disease necessitating such a discharge and transfer.[8] Accordingly, the trial court did not err in dismissing the petition for lack of probable cause in failing to satisfy the requirements of OCGA § 29-4-14 (b) (4).[9]

---

[8] *Compare In the Interest of Holloway*, 251 Ga. App. 892, 893 (555 SE2d 228) (2001) (after proposed ward fell and broke her hip in a nursing home, "[b]ecause of her children's inability to agree on whether she should receive medical treatment in Cordele or Macon, an emergency guardian had to be appointed to consent to immediate surgery"). We note in passing that SJCHS's appellate brief goes to great lengths to compare the facts in this case to those in *In the Interest of Hodgman*, 269 Ga. App. 34 (602 SE2d 925) (2004). But rather than cite to the case itself for those facts, SJCHS cites almost exclusively to the *briefs* filed in this Court upon its consideration of the appeal in *Hodgman*, and the facts described by SJCHS do not appear in our opinion in that case. Suffice it to say, statements of fact in prior appellate briefs are not binding authority on this Court. And furthermore, the *issues* actually discussed in *Hodgman* are inapposite to those involved in the case *sub judice*—i.e., whether venue was proper and whether the trial court abused its discretion in appointing a guardian outside of a preference indicated by statute. *See id.* at 35-36.

[9] *Cf. In the Interest of Pitts*, 219 Ga. App. 15, 16 (463 SE2d 550) (1995) ("As we agree with the probate court's determination . . . that [the] petition failed to establish probable cause that the grounds necessary to seek a modification of guardianship exist, we find that the probate court did not err in dismissing [the] petition without first conducting a hearing.").

For all the foregoing reasons, we affirm the trial court's dismissal of SJCHS's petition for the appointment of an emergency guardian.

*Judgment affirmed. Andrews, P. J., and McMillian, J., concur.*